ANNIE PAYNE, Respondent, *v.* LILLIAN BRATHWAITE, Appellant.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1920.)

Notice — when does not avail to terminate a tenancy — lease — landlord and tenant.

> A notice required by agreement to be given by one person cannot be given by another in his own interest.
>
> Where a lease provides that it may be terminated by the landlord, at any time, in the event of a sale of the premises, by giving sixty days' previous notice, such a notice, given by the grantee of the premises, does not avail to terminate the tenancy.

APPEAL by a tenant from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, awarding possession of premises to the landlord.

Appellate Term, First Department, December, 1920. [Vol. 113.

Robert P. Lattimore, for appellant.

Maxwell Lustig, for respondent.

BIJUR, J. This is a proceeding to remove the defendant as a "holdover." The tenant now appeals upon the ground that the tenancy was never effectively terminated. The lease contained a clause which reads in part: "The lessor shall have the privilege of terminating the within lease at any time in the event of a sale of the premises by giving sixty (60) days' previous written notice." The premises were sold by the original landlord to one Annie Payne on December 20, 1919; she on the same day served notice upon the tenant of her election to terminate the lease on the 1st day of March, 1920.

Assuming for the purpose of this decision that the cancellation clause had been validly incorporated into the lease (a point on which I have serious doubt), it nevertheless could only be availed of by the lessor "in the event of a sale." The prior landlord could have given such notice at the time of his sale to Mrs. Payne, but before she could effectively exercise such election she must necessarily have made a sale of the premises.

It may be that it was the intention of the prior landlord to cancel the lease for the benefit of the purchaser, Mrs. Payne, but it is also possible that the prior landlord was unwilling to do so. In any event, the tenant is entitled to the benefit of her contract. A notice required by agreement to be given by one person cannot be given by another in his own interest and the equivalent result be assumed to follow.

Final order reversed, with thirty dollars costs, and petition dismissed.

WHITAKER and MULLAN, JJ., concur.

Final order reversed, with thirty dollars costs.