## Parkway Baking Company *v.* Fruehauf Trailer Company, Appellant.

Argued Dec. 5, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Rodney T. Bonsall,* with him *Evans, Bayard & Frick,* for appellant.

*Stuart L. Kirk,* for appellee.

PER CURIAM, December 29, 1944:

This is an amicable action in ejectment brought by the Parkway Baking Company as assignee of a lease entered into by the Girard Trust Company, Trustee for Sundry Trusts, against Fruehauf Trailer Company, the lessee under said lease. The premises were sold to Parkway Baking Company by deed dated January 13, 1944, subject to the lease, and on the same day the baking company gave ninety days' notice to the trailer company to vacate. The material portion of the lease under consideration in this action reads: "Lessee further agrees, in event of a sale of the demised premises after the third year, to vacate the property at any time upon ninety days' notice from Lessor so to do, and at the expiration of ninety days after the service of such notice, this lease shall be considered as absolutely determined."

The lease defines "The word 'lessor' shall include the Lessor's principal, the Lessor and those acting with it . . . as well as . . . its . . . assigns, each of whom shall have the same rights, remedies, powers and privileges as . . . it would have had . . . had it or they originally signed this lease as Lessor." The question before us is whether in event of sale the required notice under such lease is effectual if given by the lessor's vendee on the date the vendee receives the title and an assignment of the lease. Appellant argues that the notice to vacate was ineffectual because it was based on a sale *to* the appellee and not on a sale *by* the appellee; that the sale

must be made to one not a party to the lease and that by becoming an assignee of the lease, appellee became incapable of giving notice to vacate so that it could obtain possession for itself.

Appellee gave the notice simultaneously with its acquiring the right to give it. The definition in the lease adds to the word "lessor", when necessary, "and assigns". The clause in question, when so construed, makes it clear that the notice to vacate given by the appellee was sufficient. Considering the lease as a whole, the definition clause and the purpose to be served by the provision of the notice to terminate, leaves no doubt as to the sufficiency of the notice given in this case.

Judgment affirmed.