## MASON v. CURRO.

### No. 248.

Municipal Court of Appeals for the District of Columbia.

Feb. 6, 1945.

Leon L. Sclawy, of Washington, D. C. (James T. Barbour, Jr., of Washington, D. C., on the brief), for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

The issue here is the right to possession of residential property occupied by appellant as tenant of one Felstein, the original owner, sold by the latter to appellee, who brought suit and recovered judgment. To avoid confusion, appellant will be referred to as tenant; Felstein as lessor, and appellee as purchaser. Appellant's lease permitted termination by the lessor should he receive a bona fide acceptable offer of sale for the premises. This privilege was subject to the right of the lessee, within fifteen days after notification of the pending offer, to exercise an option to purchase. An offer to purchase, made by appellee, was accepted by the lessor, subject to the option, and the tenant was notified. After the option period had expired the property was sold to appellee, and upon the tenant's refusal to surrender possession this action was brought. From the judgment for possession the tenant has appealed.

The only question involved here is whether the notice given the tenant was sufficient to terminate his rights under the

lease. By the terms of that instrument a bona fide offer of purchase, acceptable to the lessor, was required to be submitted to the tenant. Then if the latter, as here, failed to exercise his option, it was further provided—"the Lessor shall have the right and power to make a sale thereof to her offerer or prospective buyer and may terminate the within lease and the then existing tenancy by giving the Lessee a thirty (30) day written notice of his [her] desire to terminate said lease."

The offer to purchase the property was by submission of the usual form of purchase contract, signed by the proposed purchaser, accompanied by a deposit of $500. It was accepted by the lessor, above whose signature appears: "Accept providing property not purchased by tenants within 15 days in accordance with lease." The contract provided that the sale would be closed within sixty days "subject to terms of lease 20th February 1943, possession 30 days after sale. Purchaser wants possession for own use and occupancy." And on the same day the lessor sent a registered letter to appellant, quoting in full the provisions of the lease as to its termination and enclosing the sale contract, stating— "As the prospective purchaser states that he wants possession for his own use and occupancy we are notifying you and giving you the option of purchasing or rejecting the offer."

More than a month later the sale to appellee was closed. Eight days thereafter, on May 12th, appellee gave appellant notice of the termination of his lease, advising him that he desired possession in good faith for his own immediate and personal use—"This notice to expire July 1st, 1944."[1]

Appellant argues that a notice to terminate the lease must conform strictly to the conditions imposed; that as his lease required a notice by the lessor a notice given by the purchaser was ineffectual.

Whether a notice may be given by the purchaser or must be the act of the vendor where the lease so provides is a matter of conflicting opinion.[2] It is, however, unnecessary for us to consider the question here, because we hold that the lessor's letter to appellant, with its enclosure was an adequate substantial compliance with the provision of the lease. The enclosed document was not a mere offer "acceptable to the lessor," which may or may not have ripened into a sale, but a completed formal contract binding upon the lessor as vendor and upon the purchaser, subject only to appellant's option to purchase within the ensuing fifteen days. It recited that the "purchaser wants possession for own use and occupancy"; it obligated the lessor to deliver "possession 30 days after sale." The sale could not be completed until after appellant's fifteen day option had expired, so that the thirty day periods required by the lease and specified in the sale contract coincided. When he received lessor's letter stating "As the prospective purchaser states that he wants possession for his own use and occupancy we are notifying you * * *" with the sale contract as an enclosure, the lessor's desire and intention to terminate the lease was manifest. By no other means could he perform his contract. "Notice of termination of a lease is not strictly construed. It is sufficient if intent is fairly shown,"[3] or "fairly communicated."[4] Whether the notice was given before or after the expiration of the option we regard as immaterial since the thirty day period did not begin until after the option had expired. Nor does the fact that the lessor's notice failed to specify a definite date of termination render it invalid. It was not the statutory notice to quit. The desire to terminate, so communicated, was a contractual provision for ending the fixed term of the lease.[5] After the sale was completed and the property conveyed, the lessor had no further interest therein. Title and the right to de-

---

[1] The District of Columbia Emergency Rent Act (Code 1940, 45—1605) prohibits maintaining an action for possession of housing accommodations against any tenant, notwithstanding that the tenant has no lease or that it has expired, unless among several stated exceptions, the owner "seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling."

[2] Payne v. Brathwaite, 113 Misc. 517, 185 N.Y.S. 107; Gates v. Norton, 228 Ill. App. 96; Gorman v. General Outdoor Adv. Co., 320 Ill.App. 339, 50 N.E.2d 854; Cooper v. Gambill, 146 Ala. 184, 40 So. 827. See 32 Am.Jur., "Landlord and Tenant," Sec. 837, and Annotations 35 A.L. R. 518 and 116 A.L.R. 931; see also Parkway Baking Co. v. Fruehauf Trailer Co., 351 Pa. 82, 40 A.2d 268.

[3] Title & Trust Co. v. Durkheimer Inv. Co., 155 Or. 427, 63 P.2d 909, 918, 64 P. 2d 834.

[4] Greenwood v. Bennett, 208 Ala. 680, 95 So. 159.

[5] Greenwood v. Bennett, supra.

mand possession were vested in the purchaser, but to obtain possession he was required to establish his claim under the Emergency Rent Act. Having shown that he sought in good faith to recover possession for his personal use and occupancy as a dwelling, he was entitled to judgment.

Affirmed.