Narciso Sais, demandante y apelante, *v.* Enrique Gorbea Vallecillo, demandado y apelado.

Núm. 9299.—*Sometido:* Mayo 1, 1946. *Resuelto:* Mayo 3, 1946.

*Diego O. Marrero,* abogado del apelante; *Miranda & Miranda Esteve,* abogados del apelado.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Vigente ya én Puerto Rico el Reglamento de Inquilinato promulgado por la Oficina de Administración de Precios al amparo de la legislación federal conocida por la Ley de Control de Precios de 1942, compró el apelante una casa que ocupaba el apelado como vivienda a base de un contrato con el dueño anterior. Luego de requerir infructuosamente al apelado para que desalojara la vivienda, por necesitarla el apelante para su propio uso, requerimiento que notificó a la Oficina de Administración de Precios, radicó el apelante demanda de desahucio en precario contra el apelado, alegando en esencia los hechos que ya hemos expuesto.

Pidió el apelado se desestimara la demanda, por no alegarse en ésta que el apelante hubiese obtenido de la Oficina de Administración de Precios el certificado que, según la letra del Reglamento de Inquilinato, es requisito esencial para que el comprador de una casa pueda instar acción de deshaucio contra el inquilino del anterior dueño.

La corte inferior declaró con lugar la moción, concediendo al apelante diez días para enmendar la demanda. Solicitó entonces el apelante se dictara sentencia, manifestando en efecto que ni había obtenido ni se proponía obtener el certificado de la Oficina de Administración de Precios, por considerarlo innecesario, y la corte procedió a dictar la sentencia apelada, declarando sin lugar la demanda.

■■ Los tres errores señalados por el apelante se reducen a uno, el que sostiene cometió la corte inferior al considerar que el certificado de la Oficina de Administración de Precios es requisito esencial para el desahucio del apelado. No niega el apelante que los términos expresos del Reglamento de Inquilinato prohiben el desahucio en casos de la terminación del contrato de arrendamiento de una vivienda por razón de la venta de la propiedad, a menos que se obtenga de la Oficina de Administración de Precios un certificado que autorice tal desahucio. Lo que arguye, en síntesis, es que la disposición del Reglamento de Inquilinato que exige el certificado es nula,

ya que priva al apelante de su propiedad sin el debido procedimiento de ley.

Carecemos de jurisdicción para considerar la impugnación del reglamento que plantea el apelante. La Ley de Control de Precios de 1942, en su sección 204 (d), expresamente confiere a la Corte de Apelaciones de Emergencia creada por la misma ley, jurisdicción exclusiva para determinar la validez de cualquier reglamento, o cualquier disposición de un reglamento, que emita el Administrador de Precios, y en términos expresos niega a todas las demás cortes, federales, estatales y territoriales, jurisdicción para considerar la validez de la reglamentación de precios y alquileres. La constitucionalidad de las disposiciones de la sección 204 (d) de la ley citada ha sido sostenida por el Tribunal Supremo de Estados Unidos. *Yakus* v. *United States,* 321 U.S. 414, 88 L. Ed. 834; *Bowles* v. *Willingham,* 321 U.S. 503, 88 L. Ed. 892. No es ante esta Corte que debe querellarse el apelante del Reglamento de Inquilinato. Su querella no puede iniciarse ante ningún foro judicial que no sea la Corte de Emergencia de Apelaciones.

El apelante invoca los casos de *Suárez* v. *Betancourt,* 64 D.P.R. 469 y *Miranda* v. *Jarabo,* 64 D.P.R. 898. No son aplicables. En el primero sólo resolvimos que el Reglamento de Inquilinato no es, como no pretende ser, aplicable al caso de un demandado en desahucio cuya posesión no arranca de una relación de inquilinato con el demandante o sus causantes. Hicimos hincapié en que no surgía de los hechos que el demandado fuese inquilino ni del demandante ni del dueño anterior de la finca. En el segundo, no era necesaria la obtención del certificado de la Oficina de Administración de Precios porque así lo disponía el Reglamento de Inquilinato, ya que el demandante había adquirido la propiedad antes de la fecha de vigencia del Reglamento. Por esa razón ni se planteó ni se discutió la necesidad del certificado. Ninguno de los dos casos es en forma alguna inconsistente ni con el espíritu ni con la letra del Reglamento de Inquilinato.

También invoca el apelante los casos de *Mason* v. *Curro*, 41 A.2d 164 y *Bauer* v. *Neuzil*, 152 P.2d 47 (Cal.). El primero no es aplicable, por haber surgido en el Distrito de Columbia, donde no rige el Reglamento de Inquilinato y sí una ley especial del Congreso (The District of Columbia Emergency Rent Act, 1941). El de *Bauer* v. *Neuzil* sí es de estricta aplicación, pero es precisamente contrario a la contención del apelante.

*No erró la corte inferior al declarar sin lugar la demanda de desahucio, por lo que procede confirmar la sentencia apelada.*