Burke, J.
The issue here is whether the Manufacturers Trust Company, as purchaser of the property, was authorized, under paragraph 18 of the lease, to give notice of cancellation in the absence of a resale of the property by it. Paragraph 18 provides: ‘ ‘ That if the Landlord should sell said premises, prior to the expiration of this lease and the purchaser thereof desires possession of said premises, then and in that event, the Tenant will cancel this lease and surrender possession of said premises, and will execute an instrument to effect a proper cancellation of this lease and surrender of the demised premises upon receiving 60 days written notice of the cancellation of this lease, by registered mail addressed to the Tenant to the premises herein demised, and the security deposited with the Landlord as aforementioned shall be returned to the Tenant.” (Italics supplied.)
On August 1,1957 respondent Morlee entered into a five-year lease with the Ave. D. Building Co., Inc., the then landlord of the leased premises now under consideration. In addition to the *19 provision for notice of cancellation upon sale (par. 18, supra), this lease agreement provided (par. 33) that the tenant shall have the option to renew for a period of five years from its expiration (July 31, 1962) upon notification to the landlord by registered mail no later than April 1, 1962. On November 5, 1958, Ave. D. entered into a contract to sell the leased premises to appellant, Manufacturers Trust Company (hereinafter called the Bank), where it desired, and subsequently obtained permission, to establish a branch office thereon. On January 29, 1959, subsequent to obtaining title (January 8, 1959), the Bank, in formal compliance with the conditions of paragraph 18, notified Morlee that the lease would be cancelled on March 31,1959. On February 3,1959 Morlee notified the Bank that it was exercising its option pursuant to paragraph 33 to renew the lease for an additional period of five years. Thereafter, on March 25, 1959, Morlee instituted an action to declare that the attempted termination, pursuant to paragraph 18, was invalid because the Bank was not a landlord who was about to sell the premises; and that the extension pursuant to the option in the lease was, therefore, properly exercised. A summary dispossess proceeding instituted by the Bank in the Municipal Court on April 6, 1959 was subsequently consolidated with the former action instituted by Morlee in the Supreme Court.
The Supreme Court, concluding that this exact issue was decided by Matter of Furio v. Smith (272 App. Div. 941), found itself constrained to dismiss the dispossess proceeding and grant judgment in Morlee’s favor. The Appellate Division affirmed on the authority of 112 East 36th St. Holding Corp. v. Daffos (273 App. Div. 447, affd. 298 N. Y. 763) and Matter of Furio v. Smith (supra).
We do not think that the rationale of Daffos supports the decision below, and believe that the reasoning attributed to the cases cited in Furio should not be followed.
It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed (Green v. Doniger, 300 N. Y. 238; Hartigan v. Casualty Co. of America, 227 N. Y. 175). The courts may not by construction add or excise terms, nor distort the meaning of those used and thereby “make a new contract for the parties under the guise of interpreting the writing.” *20 (Heller v. Pope, 250 N. Y. 132, 135; Friedman v. Handelman, 300 N. Y. 188, 194.) In this respect we note that the language of clause 18 of the lease refers to a sale, rather than a contract to sell, and does not mandate that notice be given by any particular party. Although a similar provision has been liberally construed to allow the lessor (the only one designated in the lease) to give notice upon the execution of the contract to sell (and thereby permit him to convey free and clear of the lease; see Miller v. Levi, 44 N. Y. 489; Hyman v. Federal Doll Mfg. Co., 185 N. Y. S. 678), it is unreasonable to conclude it would in all cases prevent the giving of notice within a reasonable time after the sale. A restrictive interpretation in the latter instance would not be consistent with the liberal construction of the former clause.
Since the lease itself does not indicate who shall give notice, it seems only logical that the parties would intend that the purchaser be allowed to perform the required task (see Scheele v. Waldman, 136 App. Div. 679). It cannot be read to require the landlord to terminate the lease, and thereby part with a tenant before the landlord is assured that title will close. In any event we should not imply a restriction which the parties chose not to insert in the contract. (Raner v. Goldberg, 244 N. Y. 438, 442.)
Moreover, it is our opinion that the cases cited to substantiate the rationale of the Furio case (supra) are distinguishable either because they involve the construction of cancellation clauses which specifically identify the person to give notice, e.g., the landlord, lessor, etc., or because the purchaser waived his right to give notice by assuming the posture of the landlord (e.g., by waiting an unreasonable time, or accepting rent before giving notice). If there is an attornment, and the purchaser acknowledges the tenancy, certainly he would waive whatever rights he may have had to give notice. This type waiver was precise ground for our affirmance of the Appellate Division in the Daffos ease (supra). (See Basiliko Inv. Corp. v. United Gigar-Whelan Stores Corp., 168 F. 2d 567.)
In the case at bar, however, the Bank, in our opinion, gave timely notice and did nothing inconsistent with its election as purchaser. Three weeks after acquiring title, and prior to the collection of any rent from Morlee, the Bank duly notified Morlee. *21 The acceptance of rent subsequent to the notice, but prior to the cancellation date, and also after the cancellation date during the pendency of the summary proceedings, was certainly not inconsistent with the assertion of the right to cancel. The argument that the ordinary title closing credit for rent constitutes an acceptance of rent by the Bank before notice to Morlee is untenable. This is merely an adjustment of the purchase price.
Accordingly, the judgment and order should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.
Chief Judge Desmond and Judges Dye, Fuld, Fboessel, Van Voorhis and Foster concur.
Judgment accordingly.