George Tilzer, J.
Each party moves for summary judgment. The action is brought for a judgment declaring the rights and relations of the parties, tenant and landlord, respectively. Several issues are raised but it is necessary only to construe the cancellation clause out of which the issue arises. The 10-year store lease with 5-year option was made March 22, 1957. *804 The cancellation provision is as follows: “ The landlord reserves the right to terminate this lease and the term thereof at any time after November 1, 1961, in case of a bona fide sale of the property, upon giving six (6) months’ notice in writing to the Tenant, mailed to the Tenant at the demised premises, of its intention so to terminate the same; and in such event this lease and the term thereof shall cease, terminate and end at the expiration of six (6) months from the day when such notice shall have been mailed, and thereafter the landlord may take possession of the demised premises, and every part thereof, either by force or otherwise, without being liable to prosecution or damages therefor, and have and enjoy the said premises as of its former estate, free and clear and discharged of this lease and of all rights of the Tenant hereunder.”
This defendant acquired title by conveyance dated August 18, 1960 and on May 3, 1961 gave notice of cancellation as of November 2,1961.
Obviously, defendant, having acquired title prior to May 3, 1961, the earliest date on which notice of cancellation could be given, it could not have given such notice as a purchaser at the time of purchase or within a time thereafter deemed to be reasonable. The lease provision gives to the landlord named in the lease the right to terminate, such right to accrue after sale, and any notice given in exercise of the right may become effective only after November 1, 1961. It is the landlord that gives the notice and not the purchaser. Presumably, the landlord undertakes to give the notice in order to make conveyance of the property free of the incumbrance of the lease. It further provides: ‘1 It is further understood and agreed, in the event of a bona fide sale, that the Landlord’s assigns and successors shall have the right to enforce this clause. ’ ’ The right thus to be enforced is the right of the named landlord, or of any successor landlord, upon the making of a bona fide sale to give a timely and proper notice of cancellation. Thus, not only did this defendant become a purchaser several months before a notice could have been given, but it could give such a notice only in the event of a bona fide sale by it. This has not occurred, yet defendant insists upon its right to give a notice, not as a selling landlord, but as a purchaser. Assuming that as such purchaser the defendant had the right, as claimed, to enforce the lease clause, when the time as provided arrived, it lost such right. In the months between acquisition and the giving of notice, defendant did obtain plaintiff’s attornment to it and did accept rent and did so without reservation whatever. Thereby defendant became a landlord and not a purchaser and *805 again defendant must await such time when and if it becomes a bona fide seller. Upon these motions, therefore, plaintiff is entitled to prevail and to a judgment declaring the rights and relations in his favor.