■ CLEMENTE BROS., INC., Respondent, v. PETERSON-ASHTON FUELS, INC., Appellant.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term entered November 28, 1966 in Rensselaer County, which granted a motion by plaintiff for summary judgment, and directed a jury trial on the issue of damages. (Memorandum decision on prior appeal 25 A D 2d 706.) The appellant, Peterson-Ashton Fuels, Inc., formerly known as Peterson-Packer Fuels, Inc., leased certain real property on the westerly side of Front Street in the City of Troy from the Boston & Maine Railroad by indenture of lease dated September 10, 1909, and erected certain buildings or structures thereon pursuant to permission granted in the lease. Subsequent leases were entered into by the parties on July 12, 1924 and December 7, 1946, wherein it was provided that buildings and structures erected upon the premises, and belonging to the appellant shall remain the property of the appellant. On February 16, 1948 a new lease was executed which provided as follows: " Buildings, structures and fixtures of any kind or nature upon the said premises and belonging to the Shipper shall remain the property of and may be removed by the Shipper at any time before termination of this agreement or within ten days thereafter, and any and all of buildings, structures and fixtures upon said premises ten days after the termination of this agreement, regardless of how termination has

been effected, shall become and be absolutely the property of the Railroad." This lease also provided that: "Upon termination of this agreement the Shipper further agrees that, if so requested by the Railroad within ninety days after such termination, it will remove from said premises any or all buildings, structures or fixtures which were not owned by the Railroad on the date of said termination, and will repair any damage or defacement to said premises caused by such removal, all at the expense of the Shipper, and that upon failure to do so the Railroad may, at any time thereafter, remove the said buildings, structures or fixtures and dispose of them, without liability on the part of the Railroad for such removal and disposition, and repair the said premises, all at the expense of the Shipper." On March 3, 1959, pursuant to the provision of the lease which permitted termination by either party on 30 days' written notice, written notice was given to terminate the lease on April 3, 1959. On April 27, 1959 the railroad requested the appellant to remove from said premises all buildings, structures or fixtures not owned by the railroad on the date of termination of the lease at the expense of the appellant, and to repair any damage to said premises caused by such removal, all at the expense of appellant. The appellant failed, refused, and neglected to comply with this request. On December 7, 1960 the railroad conveyed the premises to the respondent and, on December 8, 1960, it assigned all its right, title and interest in the lease agreement together with any and all moneys due or which might be due thereunder to the respondent. On or about March 2, 1962 the respondent commenced an action in the Supreme Court, Rensselaer County against the appellant, which was then known as Peterson-Packer Fuels, Inc., to recover damages for breach of the contract, alleging that the appellant had not removed the buildings, structures and fixtures. On December 21, 1962 Special Term dismissed this complaint on the ground that removal was a condition precedent to the bringing of the action. On appeal to this court we affirmed the dismissal of the complaint stating: "It is our view that the railroad could retain to itself and its successors the right to keep the buildings or remove them and be recompensed by defendant for such removal. However, in our opinion, no cause of action accrued in plaintiff assignor's [sic.] favor until it had incurred the expense of removing the buildings, structures or fixtures from the leased premises after defendant's refusal to do so after demand. We decide no other issue." (*Clemente Bros.* v. *Peterson-Packer Fuels*, 25 A D 2d 706.) After the dismissal of this prior action, and during the pendency of the prior appeal, the respondent caused the buildings, structures and fixtures to be removed from the premises at an alleged cost of $15,000. The order of affirmance on the prior appeal was entered on March 31, 1966, and the present action was commenced on April 29, 1966. By notice of motion dated June 2, 1966, the respondent moved for summary judgment pursuant to CPLR 3212 upon the grounds that there are no triable issues of fact, that there is no merit to the defenses asserted in the answer, and that there are no defenses to the cause of action asserted in the complaint. Special Term granted the motion for summary judgment, and directed a jury trial on the issue of damages. The appellant contends that the railroad became the owner of the buildings, structures and fixtures on April 13, 1959, 10 days after termination of the lease and, having failed to request removal within 10 days, waived its right. Such a construction, however, ignores the other provisions of the lease. "The general rule for construing restrictive covenants or conditions contained in a lease is to so construe them as to carry out the intent of the parties. The intent of the parties must be ascertained from an examination of the whole lease, and not from the particular clause alone." (*Bovin* v. *Galitzka*, 250 N. Y. 228, 232.) The provisions of the lease agreement evidence an intent on the part of the

parties that the lessee will remove the buildings, structures and fixtures which it owned on the date of termination of the lease, if requested to do so, within 90 days after such termination and, that upon failure to do so after request, the railroad, at any time thereafter, was authorized to remove the same at the lessee's expense. Thus when the railroad requested the appellant to remove the buildings, structures, and fixtures on April 27, 1959, the appellant became obligated to the railroad to remove the buildings, structures and fixtures or to pay the cost of removal when removed by the railroad. The covenant to remove the buildings, structures and fixtures is a covenant running with the land inasmuch as it affects the use, value and enjoyment of the premises. (*Matter of 507 Madison Ave. Realty Co.* v. *Martin*, 200 App. Div. 146, affd. 233 N. Y. 683; *Neponsit Property Owners' Assn.* v. *Emigrant Ind. Sav. Bank*, 278 N. Y. 248; *Nicholson* v. *300 Broadway Realty Corp.* 7 N Y 2d 240.) Section 223 of the Real Property Law gives to the respondent all of the rights which the railroad had in the premises and in the lease. The property having been conveyed without reservation, a formal assignment of the lease was not necessary to transfer all of the grantor's rights in and under the lease. (*Proctor Troy Props. Co.* v. *Dugan Store*, 191 App. Div. 685; *Stogop Realty Co.* v. *Marie Antoinette Hotel Co.*, 217 App. Div. 555.) The right to sue for the breach of the covenant runs with the reversion and thus accrued to the respondent the grantee of the railroad. (*Arnold* v. *Ryan*, 24 A D 2d 943.) Assuming that an assignment of the railroad's rights under the lease was necessary to confer the benefits of the covenant, the assignment of such rights by the railroad on December 8, 1960, one day after the conveyance, was sufficiently contemporaneous with the conveyance to indicate the intent of the parties that it was to be considered as one transaction. The respondent having removed the buildings, structures and fixtures, the condition precedent to a suit for damages for the breach of the covenant has been performed. Summary judgment was, therefore, properly granted. The general denial in the answer raises an issue of fact as to the reasonableness of the costs of removal. The direction of a jury trial on the issue of damages was, therefore, proper. Order affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.