■ JIM, JACK, & JOE REALTY CORP., Appellant, v ROBERT ROTHENBURG et al., Individually and as Copartners Doing Business as W.L.P. REALTY CO., Respondents.—In an action, *inter alia,* to declare that plaintiff has a valid and existing lease for certain premises, plaintiff appeals from so much of two orders of the Supreme Court, Kings County, dated, respectively, February 14, 1980 and March 28, 1980, as (1) denied its motion for summary judgment and (2) upon its cross motion for reargument made in response to defendants' motion for summary judgment, granted reargument and adhered to its original determination. Appeal from the order dated February 14, 1980 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated March 28, 1980 modified, on the law, by deleting therefrom the provision denying defendants' motion for summary judgment and substituting therefor a provision granting defendants' motion and declaring them to have validly and properly terminated plaintiff's lease in accordance with their right to do so pursuant to article 9 of the lease. As so modified, said order affirmed insofar as appealed from, without costs or disbursements. On September 24, 1979 defendants purchased from Sophie and Samuel Rubin certain real property located at 2149 86th Street in Brooklyn, New York, upon which was situated a building that had been severely damaged by fire on June 26, 1979. The plaintiff had been a tenant of that building, but had been forced to vacate due to the extent of the damage. Insofar as it appears on the

present record, the building had been slated for demolition. On the date of their purchase, the defendants wrote plaintiff a letter advising it that "Pursuant to the provisions of your lease, we are hereby notifying you that your tenancy is terminated because the premises have been deemed untenantable and unsafe by the municipal authorities, by reason of the damage caused by the fire." The pertinent provision of the plaintiff's lease (art 9), provides, in part, as follows: "(d) If the demised premises are rendered wholly unusable [by fire or other casualty] or * * * if the building shall be so damaged that Landlord shall decide to demolish it * * * Landlord may elect to terminate this lease by written notice to Tenant given within 90 days after such fire or casualty specifying a date for the expiration of the lease, which date shall not be more than 60 days after the giving of such notice, and upon the date specified in such notice the term of this lease shall expire as fully and completely as if such date were the date set forth above for the termination of this lease and Tenant shall forthwith quit, surrender and vacate the premises". Plaintiff thereafter commenced the instant action to declare that it "has a valid and existing lease for the demised premises" and to compel the defendants to repair and rebuild same, on the ground, *inter alia,* that only the landlord *in possession at the time of the fire* is entitled to exercise the rights of termination in article 9. From the refusal to grant it summary judgment, plaintiff appeals. We find no error in Special Term's conclusion that "upon the sale of the building to defendants, they became the landlords and that the terms of the lease inured to their benefit." There is nothing in the language of the lease which would indicate that the right of termination incorporated therein was intended to be limited in the manner which plaintiff suggests, nor in any manner whatsoever beyond the clearly stated provisions thereof relating to time. Thus, we conclude that the defendants were entitled to give the notice of termination which plaintiff impliedly concedes could have been given by the previous owners (see *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16), just as surely as they were bound to honor the same obligations as their grantors would have been bound to observe had the property not been sold (see *Clemente Bros. v Peterson-Ashton Fuels,* 29 AD2d 908, mot for lv to app den 24 NY2d 737). The definition of the term "Landlord" in article 33 of the lease does not compel a contrary result, nor does plaintiff's contention that the notice of termination was facially insufficient due to its failure to specify a particular termination date. By its terms, it was clear that the notice was intended to take effect immediately. Where, as in the case at bar, it is clear from the moving papers that the only dispute between the parties concerns questions of law, the court, on appeal from an order granting or denying summary judgment, may search the record and grant such relief to either party, even in the absence of a cross appeal (CPLR 3212, subd [b]; *Peoples Sav. Bank of Yonkers, N. Y. v County Dollar Corp.,* 43 AD2d 327, 334, affd 35 NY2d 836). Accordingly, we have modified the order of Special Term by granting summary judgment to the defendants. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.