■ KARLENE GUASTEFERRO, Respondent, v FAMILY HEALTH NETWORK OF CENTRAL NEW YORK, INC., Appellant. (Appeal No. 1.) [612 NYS2d 720] —Judgment unanimously affirmed without costs. Memorandum: Defendant, Family Health Network of Central New York, Inc. (FHN), has appealed from the order granting plaintiff partial summary judgment and permitting the entry of judgment for damages, rather than from the subsequent judgment, in which the order is subsumed. In the exercise of our discretion, we deem the appeal to have been taken from the judgment *(see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Supreme Court properly determined that plaintiff was entitled to compensation from the time that notice of termination was properly given under the employment agreement between plaintiff and FHN and the expiration of that notice period *(see, Bitterman v Gluck,* 256 App Div 336, 337). Where the terms of a contract are unambiguous, the court must enforce the language as written and not " 'make a new contract for the parties under the guise of interpreting the writing' " *(Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19). Here, the employment agreement's provisions relating to termination unambiguously provided that, if either party desired to terminate the agreement, that party must either give the other party 120 days notice of termination or obtain written authorization waiving the notice period, unless plaintiff's licensure or admitting privileges were revoked or materially affected. FHN terminated plaintiff before the 120 days had expired and did not obtain written authorization waiving the notice period. Because there was no showing that the alleged improper conduct of plaintiff affected her licensure or admitting privileges, FHN's allegations concerning plaintiff's conduct are irrelevant.

We also conclude that Supreme Court did not abuse its

discretion in denying the motion of FHN to change venue from Erie County to Cortland County. Because plaintiff resided in Erie County when the action was commenced, venue was properly placed there (see, CPLR 503 [a]). FHN failed to show that the convenience of material, non-employee witnesses would be served by a change of venue (see, Cardona v Aggressive Heating, 180 AD2d 572; Katz v Goodyear Tire & Rubber Co., 116 AD2d 506, 507) and, therefore, change of venue on that ground was not warranted (see, CPLR 510 [3]). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.