■ Automotive Management Group, Ltd., et al., Appellants, v SRB Management Co., Inc., et al., Respondents. [658 NYS2d

54] —In an action to recover damages for the breach of a stipulation of settlement and order, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered July 9, 1996, which, upon the conversion of the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) to a motion for summary judgment, granted the defendants' motion, denied their cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs and defendants, all of whom are in the commercial vehicle leasing business, settled a prior litigation by entering into a stipulation of settlement and order, pursuant to which the defendants agreed, *inter alia*, not to "participate" in certain activities in the vehicle leasing business. The plaintiffs commenced this action after the defendants purchased a portfolio of vehicle leases, including existing limousine leases, from third parties. The plaintiffs contended that while the stipulation permitted the defendants to lease limousines in the ordinary course of their business, the defendants' purchase of the portfolio containing limousine leases constituted "participation" in a prohibited activity in violation of the stipulation of settlement. The complaint was properly dismissed.

"[A] contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed" (*Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19; *see also, Breed v Insurance Co.*, 46 NY2d 351, 355). "Thus, 'clear, complete writings should generally be enforced according to their terms' " (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548, quoting *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 160). "Evidence outside the four corners of the document as to what was really intended but unstated or mistaken is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri, supra*, at 162; *see also, Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 269-270). In the absence of any ambiguity, there are only documents to interpret, and the issue is one of law to be determined by the court (*see, Olson Enters. v Agway, Inc.*, 55 NY2d 659, 661; *Lui v Park Ridge*, 196 AD2d 579, 580; *Stanita Realty Corp. v Hughes Aircraft Co.*, 116 AD2d 567).

At bar, the pertinent paragraphs of the stipulation of settlement and order contain no ambiguities. The stipulation prohibits the defendants from directly or indirectly participating in certain activities for specified periods of time. The stipulation also provides that "participation" shall be defined as,

"but shall not be limited to, directly or indirectly, leasing, contacting or networking persons and entities, advertising in trade journals or other publications, marketing, soliciting by mail, telephone or otherwise, attending or visiting trade shows, attending or visiting conventions, joining or becoming affiliated with or being a member of trade or lease associations" concerned with the prohibited industries. Nowhere in the definition of "participation" is the "purchase" of a portfolio of leases specifically prohibited.

Moreover, the stipulation expressly carved out an exception pursuant to which the defendants were permitted to lease limousines in their normal course of business, provided that they did not engage in activities which fall within the parties' definition of participation. If the plaintiffs intended to prohibit the defendants from purchasing, buying, or acquiring existing limousine leases, they could have used words to that effect and clearly stated so in the stipulation. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.