■ SYMBOL TECHNOLOGIES, INC., Respondent, v DATAMAX CORPORATION, Appellant. [710 NYS2d 613] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 9, 1999, as granted the plaintiff's motion for summary judgment on its first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Symbol Technologies, Inc. (hereinafter Symbol), and the defendant Datamax Corporation (hereinafter Datamax) entered into an agreement dated November 1, 1993, pursuant to which Datamax purchased certain assets identified as the "Symbol Verification Business" from Symbol. That business included the manufacture and sale of certain bar code verification products. In addition, Symbol granted Datamax a license with respect to certain technology patented by Symbol. In connection with that license, the agreement required Datamax to make certain royalty payments to Symbol. Datamax failed to make a royalty payment which, pursuant to the contract, was due on February 14, 1998. Claiming that Symbol breached the agreement by failing to sell it "LS20 Scan Boards" which were necessary for Datamax to manufacture the bar code verification products, Datamax terminated the agreement on May 15, 1998, and refused to make any further royalty payments to Symbol. Thereafter, Symbol commenced the instant action alleging, *inter alia*, that Datamax breached the contract. Symbol moved for summary judgment on its first and second causes of action, which concerned Datamax's failure to make royalty payments pursuant to the agreement. The Supreme Court granted Symbol's motion. We affirm.

" '[A] contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed' " (*Automotive Mgt. Group v SRB Mgt. Co.,* 239 AD2d 450, 451, quoting *Morlee Sales Corp. v Manufacturer's Trust Co.,* 9 NY2d 16, 19). "Thus, 'clear, complete writings should generally be enforced according to their terms' " (*Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548, quoting *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 160). Contrary to the contention of Datamax, Symbol did not breach the parties' agreement by refusing to sell it LS20 Scan Boards in March 1998. The parties' agreement provided that Symbol's initial obligation to sell LS20 Scan Boards to Datamax was for two years from November 1, 1993, the effective date of the agreement. Symbol's obligation to continue to supply Datamax with that product was automatically extended if Datamax satisfied certain conditions. Datamax, however, failed to satisfy at least one of those conditions, which required it to purchase a minimum number of another Symbol product within each two year period. Thus, when Symbol informed Datamax that it was "no longer supplying the LS20 Scan Board", the agreement did not require Symbol to sell the LS20 Scan Board to Datamax. Therefore, the Supreme Court properly granted Symbol's motion for summary judgment on its first and second causes of action. Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.