# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**939**
**CA 11-00653**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

JOHN DEFORGE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

LYNDI KARWOSKI, DEFENDANT-RESPONDENT.

---

ADORANTE, TURNER & ASSOC., CAMILLUS (ANTHONY P. ADORANTE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAWRENCE BROWN, BRIDGEPORT, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 26, 2011. The order denied the motion of plaintiff for summary judgment and granted the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's cross motion is denied, the complaint is reinstated and plaintiff's motion is granted.

Memorandum: In this action commenced by plaintiff to recover damages arising from money that he paid in his capacity as a cosigner in satisfaction of the student loan taken out by defendant, his daughter, plaintiff contends that Supreme Court erred in granting defendant's cross motion for summary judgment dismissing the complaint and instead should have granted his motion for summary judgment on the complaint, awarding him damages in the sum of $4,132.08 plus interest from the date on which he paid the loan along with the costs and disbursements incurred in bringing this action. We agree. In cosigning the loan agreement, plaintiff acted as a surety and thus, in accordance with the general rule, is equitably entitled to full indemnity against the consequences of the default of defendant, the principal obligor (*see Lori-Kay Golf, Inc. v Lassner*, 61 NY2d 722, 723; *Leghorn v Ross*, 53 AD2d 560, *affd* 42 NY2d 1043, *rearg denied* 43 NY2d 835). Contrary to the court's determination, a separate written contract between the parties to this action was not required to enable plaintiff to recover from defendant. Plaintiff surety's right to indemnification from his daughter, the principal herein, exists independently of any right of the creditor that issued the student loan pursuant to its written agreement with defendant, i.e., the principal under the agreement (*see Blanchard v Blanchard*, 201 NY 134, 138).

We further agree with plaintiff that he did not waive his right to seek indemnification from defendant pursuant to the terms of the loan agreement (*see generally Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19; *Guasteferro v Family Health Network of Cent. N.Y.*, 203 AD2d 905). Finally, we reject defendant's contention that this action is barred by the doctrine of laches (*see generally Marcus v Village of Mamaroneck*, 283 NY 325, 332; *Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830; *Cohen v Krantz*, 227 AD2d 581, 582).

Entered: September 30, 2011                      Patricia L. Morgan
                                                 Clerk of the Court