Hausrath Landscape Maintenance, Inc. v Caravan Facilities Mgt., LLC (2023 NY Slip Op 04289)

Hausrath Landscape Maintenance, Inc. v Caravan Facilities Mgt., LLC

2023 NY Slip Op 04289

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, OGDEN, AND GREENWOOD, JJ.

562 CA 22-01407

[*1]HAUSRATH LANDSCAPE MAINTENANCE, INC., PLAINTIFF-APPELLANT,
v
CARAVAN FACILITIES MANAGEMENT, LLC, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (RICHARD A. GRIMM, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COLUCCI & GALLAHER, P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered June 29, 2022. The order adhered to an order granting the motion of defendant for summary judgment dismissing the complaint and denying the cross-motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion, reinstating the complaint, and granting the cross-motion insofar as it sought damages under the contract accruing prior to October 28, 2018, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of contract arising from a contract with defendant pursuant to which plaintiff agreed to perform snow removal services. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on the complaint. In appeal No. 1, plaintiff appeals from an order granting defendant's motion and denying plaintiff's cross-motion. Plaintiff then moved for leave to reargue its cross-motion and its opposition to defendant's motion. In appeal No. 2, plaintiff appeals from an order granting leave to reargue and, upon reargument, adhering to the prior determination.
Initially, we note that the appeal from the order in appeal No. 1 must be dismissed because the order in appeal No. 2 superseded the order in appeal No. 1 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
On the merits, we agree with plaintiff that Supreme Court erred in determining that defendant established its entitlement to judgment as a matter of law dismissing the complaint. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). In order to terminate the agreement for convenience, the plain language of the agreement required defendant to send "notice for the same to [plaintiff] by registered mail, return receipt requested, at any time, with minimum 30 days prior written notice." The termination for convenience provision also stated that "[s]uch termination for convenience shall not give rise to any . . . damages of any kind whatsoever." It is undisputed that plaintiff received actual notice of defendant's intent to terminate the agreement via email on September 28, 2018 and that the notice stated that termination would be effective October 1, 2018.
The termination for convenience provision would not have given rise to damages if it had been effected with proper notice (see generally Wilsey v 7203 Rawson Rd., LLC, 204 AD3d [*2]1497, 1499 [4th Dept 2022]). Defendant, however, failed to provide the requisite 30 days' prior written notice of termination and instead provided 2 days' prior written notice. We conclude that defendant provided notice of termination as of September 28, 2018 even though that notice was not sent by registered mail with return receipt requested (see Yarmy v Conte, 128 AD2d 611, 611 [2d Dept 1987]). As a result, the effective date of termination was October 28, 2018, not October 1, 2018 (see G. B. Kent & Sons v Helena Rubinstein, Inc., 47 NY2d 561, 564-565 [1979]), and plaintiff is entitled to damages under the agreement accruing prior to the effective date (see Guasteferro v Family Health Network of Cent. N.Y., 203 AD2d 905, 905 [4th Dept 1994]). We further conclude that the court erred in granting the motion and properly denied the cross-motion with respect to consequential damages inasmuch as there are triable issues of fact whether plaintiff is entitled to such damages (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order in appeal No. 2 by denying defendant's motion, reinstating the complaint, and granting plaintiff's cross-motion insofar as it sought payment of damages under the contract that accrued prior to termination on October 28, 2018.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court