WOODBRIDGE CO. v. CHARLES E. HIRES CO.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

LEASES—CONSTRUCTION—TERMINATION OF TENANCY.

A provision in a lease that the lessee may cancel it "at and from the first day of September, 1895, by giving thirty days' written notice to the" lessor, fixes the day mentioned as the point of time from which the lease may be canceled.

O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by the Woodbridge Company against the Charles E. Hires Company for rent. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. A. Sheldon, for appellant.

John A. Garver, for respondent.

PATTERSON, J. The determination of the question arising upon this appeal depends upon the proper construction to be given to that

clause in the lease which provides as follows: "It is further understood and agreed that the party of the second part [the lessee] has the privilege of canceling this lease without damage at and from the first day of September, 1895, by giving thirty days' written notice to the party of the first part." The meaning of this clause seems to be entirely clear and unmistakable. All the terms and conditions upon which the property was rented by the plaintiff's assignor to the defendant are contained in the lease, and construction can be given to every clause of that instrument without resort being had to extraneous evidence. The words "at and from" simply fix a point of time at which and from which the lease may be terminated; and it may be thus terminated upon the lessee giving 30 days' written notice to the lessor. The evidence is distinct that the premises were not surrendered until October 1, 1895; the notice was not given until August 21, 1895; and therefore the condition of the lease upon which the defendant was entitled to surrender the premises, and cease to be liable for the rent, was not complied with.

Judgment should be reversed, and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., and WILLIAMS and INGRAHAM, JJ., concur.

O'BRIEN, J. (dissenting). I concur with Mr. Justice PATTERSON in the view that the words "at and from" fix a point of time, but I think the conclusion is wrong that it fixes a point of time from which the lease may be terminated. The question presented . is: Was the point of time thus fixed one at and from which the privilege was to continue, or was it the date upon which, if 30 days' prior notice were given, the lease might be canceled? I think it was just what the language says,—that September 1st was fixed as the time at and from which "the privilege of canceling this lease" was to run. If the parties had intended that the 1st of September was the only time at which the lease could be canceled, it would have been most natural for them to say that in that event 30 days' written notice must be given prior to that date. We find no such language in the clause in question. I therefore agree with the view taken by the learned trial judge, who, in construing this clause, said it was "the privilege of canceling" that was fixed as of and from September 1st. Whether this construction or the one given by Mr. Justice PATTERSON is correct, it is quite evident that the meaning of the clause is not "entirely clear and unmistakable." If not, then, under the authorities, and as held by the trial judge, resort may be had to parol evidence; and in the light of such evidence what the parties intended by the language used becomes "entirely clear and unmistakable," for it appears that in the negotiations which terminated in the lease the plaintiff had offered to rent the property for a year at $100 a month, but that, if the defendant wanted it for less than a year, the rent would be $125 a month. By the evidence of a number of witnesses it was conclusively established that the defendant paid $125 a month, instead of $100, for the privilege of canceling the lease; that it was

the intention of the parties that the clause should confer upon the defendant the right to cancel the lease on the 1st of September, or at any time thereafter, upon giving 30 days' written notice; and that such notice was given, and the premises were vacated accordingly.

As I think, therefore, that the judgment should be affirmed, I dissent.