(53 Misc. Rep. 246)

### M. FINE REALTY CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.    March 14, 1907.)

LANDLORD AND TENANT—LEASES—RIGHT TO TERMINATE.

 Under the clause in a lease for five years, "with the privilege * * * to terminate the lease at the expiration of one year on sixty days' notice," the lease can be terminated only by notice within 60 days of expiration of the first year of the lease, and not at any time thereafter.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by the M. Fine Realty Company against the city of New York, submitted on an agreed statement of facts. From a final order, the landlord appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Eisman & Levy, for appellant.

William B. Ellison (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent.

HENDRICK, J.   On the 11th day of February, 1903, a lease was executed between G. C. St. John, as executor, etc., as landlord, and the city of New York (acting through its street cleaning commissioner) as tenant, of a plot of ground on the north side of 116th street, in the borough of Manhattan.   This lease was entered into under the authority of section 541 of the Greater New York charter (Laws 1901, p. 243, c. 466), which authorizes the commissioner of street cleaning to enter into the lease on behalf of the city, with the consent and approval of the commissioners of the sinking fund.   The commissioners of the sinking fund, by resolution adopted October 22, 1902, consented to the execution of the lease to the street cleaning commissioner by the estate of William C. Andrews, with a privilege of either party to terminate the lease at the expiration of one year, on sixty days' notice in writing.   The lease in question was to commence on October 1, 1902, and continue until October 1, 1907.   It contained the following clause :

"With the privilege, however, to either party to terminate the lease at the expiration of one year on sixty (60) days' notice in writing."

This clause was contained in the resolution of the commissioners of the sinking fund which authorized the making of the lease.   On October 25, 1905, G. T. St. John, as executor of the estate of W. C. Andrews, deceased, conveyed the premises described in the lease to one David G. Ludins.   The next day, on October 26, 1905, and three years after the commencement of the term, said David G. Ludins notified the city of New York in writing that he desired to terminate the lease within 60 days from that date.   Thereafter on November 9, 1905, the said David G. Ludins conveyed the premises to the M. Fine Realty Company, the petitioner herein.   Under the terms of the lease the tenancy began on the 1st day of October, 1902, and will expire on the 1st day of October, 1907, although the lease was formally executed and delivered between the parties on February 11, 1903.   The only question to be de-

terminated in this case is the meaning under this statement of facts of the clause contained in the lease:

. "With the privilege, however, to either party to terminate the lease at the expiration of one year on sixty (60) days' notice in writing."

This clause undoubtedly means at the expiration of one year from the commencement of the term provided by the lease; that is to say, one year from October 1, 1902. It is contended by the appellant that the 60 days' notice could be given at the expiration of the year, or at any time thereafter, and that the only restriction on the privilege reserved to the landlord to give the notice at any time was that it should not be given during the first year of the term. The phrase "at the expiration of one year" defines the limit of time. It marks the close of a period, not its beginning, as said in Ferree v. M. O. H. Coal Co., 29 Misc. Rep. 624, 61 N. Y. Supp. 120.

The appellant in his brief argues that it is impossible to determine from what date the year was to begin, because, as he alleges in his brief, the lease does not fix any time when the year at the expiration of which the notice may be given begins to run, nor does the resolution of the commissioners of the sinking fund. The resolution was passed October 22, 1902, and the lease was formally entered into February 11, 1903, and so it is argued the 1st of October, 1903, would not be a year from either of these dates. The appellant loses sight, apparently, of the fact that the lease, although dated February 11, 1903, expressly states that the tenant is to have and to hold the premises "from the first day of October, 1902, for and during and until the full end and term of five years thence and next ensuing and fully to be completed and ended," and that the resolution of· the commissioners of the sinking fund approves the lease "for a term of five years from October 1, 1902, at an annual rental of twelve hundred ($1,200) dollars, payable quarterly, with a privilege to either party to terminate the lease at the expiration of one year on sixty days' notice in writing." This resolution is embodied in extenso in the lease itself. It is also conceded that the city went into possession of the premises on October 1, 1902, although that fact is not material. Whatever date may be assigned by the appellant as the beginning of the year at the expiration of which the notice may be given is immaterial. It is conceded that more than one year, and as a matter of fact about three years, passed after any of the dates mentioned before the giving of the 60 days' notice to terminate the lease. Such notice was too late. Ferree v. M. O. H. Coal Co., 29 Misc. Rep. 624, 61 N. Y. Supp. 120.

It is unnecessary to discuss whether or not the provisions as to the 60 days' notice constitutes a covenant running with the land.

The judgment should be affirmed, with costs. All concur.