A. DUBOIS & SON, INC., Appellant, *v.* GOLDSMITH BROS., Respondent.

First Department, March 15, 1948.

*Jerome L. Greene* for appellant.

*Alexander Pfeiffer* of counsel (*Clarence S. Barasch* with him on the brief; *Pfeiffer & Crames,* attorneys), for respondent.

SHIENTAG, J. The landlord brought this proceeding to secure possession of premises occupied by the tenant-respondent at 51 Beekman and 81 Ann Street, borough of Manhattan, city of New York.

On January 10, 1944, Charles F. Noyes, the then owner of the building, leased the premises to the tenant herein to be used as a warehouse for a term of five years at a graduated rental. Clause 39 of the lease reads as follows: " 39. Either the Landlord or Tenant may terminate this lease on April 30th,

1946 or on the last day any month thereafter by giving the other not less than 120 days advance notice in writing of intention to avail of this privilege.''

On May 28, 1946, the owner, purporting to act under clause 39, served the following notice upon the tenant: '' Please take notice that I hereby elect pursuant to paragraph 39th of the lease dated January 10th, 1944, between myself as landlord and yourself as tenant for the leasing of the captioned premises to terminate said lease, effective as of September 1st, 1946 and that you will be required to deliver possession of the premises on that date.''

The notice on its face shows that it failed to give not less than 120 days advance notice.

The owner on August 15, 1946, while this notice was pending, conveyed the property to Wilson Equities, Inc., who in turn on February 28, 1947, conveyed to the present landlord, the contract of sale having been entered into on October 18, 1946. Commencing October 1, 1946, the tenant was regularly billed for rent on a form which, among other things, contained a notation '' statutory monthly holdover tenant '' but the amount of rent paid was the same as under the contract.

After delivery of the deed to the present landlord, a summary proceeding was brought which was discontinued because of the claim made therein that the lease had expired on September 1st in accordance with the notice of cancellation. The present dispossess proceeding claims that the lease expired on notice as of October 1, 1946.

There was ample evidence to support the findings below that the landlord desired possession of the premises in good faith for its own immediate use and that it has an equity of not less than 25% of the purchase price. It is clear also that the thirty-day notice given under section 232-a of the Real Property Law was valid although it was signed in the name and on behalf of the landlord by its attorney.

There remain to be considered two defenses: (1) that the notice of cancellation was not in compliance with the provisions of the lease and failed to effect a termination thereof and (2) that the cancellation clause of the lease was not such as was specified in subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315, L. 1946, ch. 272) and hence the owner was not authorized to maintain this proceeding.

The Appellate Term held that both defenses were good. We agree with its holding that the notice of cancellation was not a

sufficient compliance with the terms of the lease to effect a termination thereof; but we disagree with its conclusion that even if the provisions of the lease with respect to cancellation had been complied with, the owner would nevertheless be barred under the Commercial Rent Law from evicting the tenant.

It will be observed that in the notice given under paragraph 39 of the lease the termination date is fixed as of September 1, 1946, which is 95 days from May 28, 1946. Under the contract the landlord was bound to give notice of termination to take effect on the last day of any month after April 30, 1946, and not less than 120 days in advance. It is obvious that 95 days notice does not satisfy the provision of the contract giving the option.

The courts in this State in cases relating to options to terminate tenures granted by the provisions of a contract of lease have strictly construed such privileges (*Matter of Loew's Buffalo Theatres, Inc.*, 233 N. Y. 495; *Woodbridge* v. *Hires Co.*, 19 App. Div. 128, affd. 163 N. Y. 563; *Fine Realty Co.* v. *City of New York*, 53 Misc. 246). Unless and until the option is exercised, the lease continues in full force and effect until 1949. To operate as a sufficient notice permitting ultimate divesting of this interest, there must be strict compliance with the terms of the option. Anything else is ineffective. The right to terminate the contract must be exercised within the time expressly limited for so doing (*Scheele* v. *Waldman*, 136 App. Div. 679). Where an option is given to terminate the contract as of a stated time, the termination must be as of the time stated (*Fine Realty Co.* v. *City of New York*, 53 Misc. 246, *supra*; 1 McAdam, Landlord and Tenant [5th ed.], pp. 800–804). The parties must be held to the terms of their covenant.

The cases urged to the contrary by the landlord relate to the giving of a notice to terminate a tenancy at will under section 228 of the Real Property Law. This section provides that a tenancy at will may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; it further provides that " * * * At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain ejectment, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit." Paragraph 39 of the lease construed herein does not provide for any automatic expiration. The authorities cited by the landlord which deal with section 228 of the Real Property Law are inapplicable to the type of termination notice which the parties contracted for under the lease.

The bills for rent which the tenant received cannot be used as the basis for estopping him from questioning the termination of the lease. The rent paid was the same and the landlord was not misled to its detriment by the fact that the tenant paid a sum that was due in any event. The tenant had the right to treat the notice as defective and was under no obligation to advise the landlord.

The final question raised concerns the right of the present landlord to avail itself of the privilege granted under the Commercial Rent Law to take possession of the property for its own use. Under the lease there was an absolute right to terminate on proper notice. Assuming that proper notice had been given, may the landlord, who has otherwise met the requirements of the emergency rent statute, maintain a summary proceeding? The tenant in arguing for the denial of this right relies on subdivision (d) of section 8 of the Commercial Rent Law. That section provides that a landlord may seek possession of premises which he has purchased for immediate and personal use in good faith if the landlord has an equity in the property of not less than 25% of the purchase price and " provided, further, that nothing in this subdivision contained shall authorize the dispossession of a tenant during the term of his lease by such landlord or such person unless by the terms of the lease the privilege is reserved to terminate the lease upon sale of the building or other rental area * * * ". The argument is made that the lease herein did not mention a privilege to terminate on sale of the building or other rental area.

We hold that a general option to cancel on any grounds, a fortiori includes the right to cancel on sale of the building. The emergency rent laws clearly did not intend to prevent the parties to a lease from canceling it in accordance with its terms. Once the lease was cancelled, the tenant would continue as a statutory tenant and the landlord would have the same right to obtain possession as in the case of any statutory tenant. To rule otherwise would create a meaningless distinction between subdivision (d) and subdivision (h) of the same section 8. Subdivision (h) permits a landlord under a lease for a term of not less than ten years, and a person who owns at least 90% of the stock of a corporation which owns the premises, to recover possession for his immediate personal use " provided, however, that nothing in this subdivision contained shall authorize the dispossession of a tenant during the term of his lease by such landlord, person or corporation, unless by the terms of the lease, the privilege is reserved to terminate the

lease for reasons which would not preclude the remedy afforded under this subdivision. * * * ''

No reason is given for allowing a greater privilege to evict to a long term lessee than to a fee owner. The words in subdivision (d) mean merely that the right to terminate must be broad enough to include termination on sale of the property. The statute does not state that certain specific words must have been used in the lease. There is no substantial difference intended between the provisions of the two subdivisions. '' The task of judicial construction would be easier if statutes were invariably drafted with unity of plan and precision of expression. * * * The ideal being unattainable, we must not exaggerate the significance of deviations from the perfect norm.'' (*Finsilver, Still & Moss* v. *Goldberg, Maas & Co.*, 253 N. Y. 382, 392, CARDOZO, Ch. J.)

It may be pointed out in closing that, as a fact, a sale has been made of the building for the express purpose of getting possession. The policy behind the law, however it may be construed, is, therefore, certainly satisfied.

The determination of the Appellate Term should be affirmed, with costs and the summary proceedings dismissed, without prejudice.

DORE, J. P., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Determination of the Appellate Term unanimously affirmed, with costs and the summary proceedings dismissed, without prejudice.