■ VICTOR G. MONTANA, Appellant, v. INCORPORATED VILLAGE OF LYNBROOK, Respondent.— In an action to recover damages for personal injury, the plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, dated June 18, 1964, which denied his motion, pursuant to statute (General Municipal Law, § 50-e), to amend his notice of claim; and (2) from an order of the said court, dated July 28, 1964, which purports to deny reargument of said motion. Appeal from order, dated June 18, 1964, dismissed, without costs, as academic. Order, dated July 28, 1964, reversed, with $10 costs and disbursements, and motion granted. Plaintiff may serve such amended notice within 30 days after entry of the order hereon. The said order of July 28, 1964 would be nonappealable if it were, in fact, an order denying reargument. Actually, however, it was an order denying an application for renewal

upon additional papers; such an order is appealable (*Petito* v. *Diesel*, 12 A D 2d 792), and it supersedes the earlier order of June 18, 1964. The plaintiff allegedly sustained injury on December 17, 1962 as a result of negligence of the defendant village in the maintenance of an ice-skating rink. On January 10, 1963 plaintiff's attorney sent by certified mail a letter addressed to the village and directed to the attention of the Village Clerk, stating in general terms the basis of plaintiff's claim. The letter failed to comply with subdivision 2 of section 50-e of the General Municipal Law, in that: (1) it is not "sworn to by or on behalf of the claimant"; (2) it does not state "the manner in which the claim arose"; and (3) it does not specify "the items of damage or injuries claimed to have been sustained". In our opinion, however, in the absence of prejudice to the defendant, such omissions may properly be supplied by way of amendment pursuant to subdivision 6 of the said section 50-e of the General Municipal Law (cf. *Winbush* v. *City of Mount Vernon*, 306 N. Y. 327, 333; *Baxter* v. *Turner*, 111 N. Y. S. 2d 10; *Boettner* v. *Village of Mamaroneck*, 123 N. Y. S. 2d 849; *Matter of Greguski* v. *Town of Oyster Bay*, 19 Misc 2d 763; *Miller* v. *City of New York*, 187 Misc. 926; *Robinson* v. *Board of Educ.*, 1 Misc 2d 634). There is no showing here that defendant will be prejudiced by the granting of the relief sought; on the contrary, it appears that defendant was fully cognizant of plaintiff's claim and that the purpose of the statute was met (cf. *Matter of Charlemagne* v. *City of New York*, 277 App. Div. 689, affd. 302 N. Y. 871). Defendant's objections to the manner of service, namely: that the letter, while addressed to the village, was merely directed to the attention of the Village Clerk, and that it was sent by ".certified" rather than by "registered" mail, are without merit (cf. as to "certified" mail: *Caro* v. *City of New York*, 31 Misc 2d 834; *Perl* v. *New York City Housing Auth.*, 35 Misc 2d 92; *Teresta* v. *City of New York*, 304 N. Y. 440, 442–443). Nor do we agree with the court below: (1) that undue delay in making an application to amend will defeat it, or (2) that an affidavit of merits is required. The only statutory criterion is that "it shall appear that the other party was not prejudiced thereby" (General Municipal Law, § 50-e, subd. 6; *Matter of Charlemagne* v. *City of New York*, *supra*). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.