Arthur S. Hirsch, J.
Infant petitioner moves for an order *1013 granting reargument of the denial in part of her prior motion to amend a notice of claim served upon the City of New York.
The incident in question occurred on October 5, 1975. A notice of claim on behalf of the infant claimant was served upon the City of New York on December 30, 1975 within the three-month period provided by statute (General Municipal Law, § 50-e, subd 1). The original notice indicated that the nature of the claim was an "Action for damages for personal injuries arising out of the tortious acts of the City of New York, by and through its agents, New York City Police Department, wherein injuries were sustained.” Further, this original notice of claim, in addition to providing the date of the occurrence also stated the time and place of the occurrence. Despite the lack of designation of specific causes of action by claimant, because of the detailed nature of the facts contained in the notice of claim, the City of New York was or should have been enabled to make a complete investigation as to the incident in question.
In arriving at a determination on this motion, the court has considered the relation of subdivision 5 of section 50-e of the General Municipal Law to the factual pattern in question. Subdivision 5 of section 50-e of the General Municipal Law provides that "The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section in the following cases: (1) Where the claimant is an infant”.
Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based. In the instant case, if it were a matter of filing a late notice of claim instead of an amendment, it is likely that the infant claimant would be given leave to file in view of existing case law. The liberal attitude toward allowing an infant claimant to serve a late notice of claim is reflected in the decision of Murray v City of New York (30 NY2d 113). In upholding a lower court’s granting of a motion for leave to serve a late notice of claim, the Court of Appeals said (pp 116-117): "the remaining departments, [including the Second] with occasional variation, have more typically tended to presume disability from the fact of infancy * * * The Third Department, and somewhat more erratically the Second and Fourth Departments, despite the absence of a showing of some causal nexus, have refused to hold that neglect or laches of counsel *1014 must work a forfeiture of the infant’s rights under subdivision 5 where it may reasonably be inferred that the delay in any substantial degree is attributable to the fact of infancy”. While dealing with a motion for leave to serve a late notice of claim, the language in Murray v City of New York is extremely pertinent to the instant situation. Thus, it was said by the highest court (p 120): "True, the attorney could, and possibly should have pursued the matter further and corrected this initial oversight by a prompt, independent review of the hospital records. Yet, wherever the fault might lie, the result is the same, and it is the claimant who stands to suffer for the failings of others.” Still further, the court stated (p 120): "Where, as here, however, it is reasonable to infer that the failure to correct counsel’s inadvertance may have been due to the child’s indecisiveness or failure to appreciate the prospect of the alleged malpractice, section 50-e provides that leave to file a notice of claim may be granted within a reasonable time * * * it is equally fair to conclude that the infant here may well have become alerted to the alleged wrongdoing, if not for his lack of maturity, experience and understanding. An infant of 19 may indeed lack the acumen to appreciate the source, or for that matter, the nature of the wrong allegedly perpetrated against him [emphasis supplied] and, consequently, have been remiss in the proper assertion of his legal rights. The impediment may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated”. The court sees no reason why this infant, who had a notice of claim timely filed, but where there was a failure to state the exact nature of the claim due to counsel’s actions should be put in a worse position than an infant who is given leave to first advise the city of its claim by service of a late notice of claim perhaps a year after the happening.
Claimants also presented on their motion for reargument the fact that on September 2, 1976, they were examined by the city on all of the issues involved herein including false arrest and false imprisonment. The court notes that the city has not claimed, nor can it truly claim, any prejudice as a result of this proposed amendment since the original notice of claim gave all of the facts of the incident and that the claimants were orally examined upon the proposed amendment. The presence or absence of prejudice is vital to a determination of a motion of this nature. As stated by the Appellate Division in the case of Montana v Incorporated Vil. of Lynbrook (23 AD2d 585, 586) "the only statutory criterion *1015 for the amendment of a notice of claim is that 'it shall appear that the other party was not prejudiced thereby’
Accordingly, claimants’ motion for reargument is granted and upon said reargument, claimant is granted leave to serve an amended notice of claim in the form annexed to the moving papers within 15 days after service of a copy of this order.