(June 13, 1991)

■ CHUMLEY'S BAR AND RESTAURANT CORP., Appellant-Respondent, v BEDFORD COURT ASSOCIATES, Respondent-Appellant, and EIGHT PALMS LTD., Appellant-Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 3, 1990, which granted reargument of the order of the court entered on December 11, 1989, ordered that the assignee of a lease agreement, Eight Palms Ltd., intervene in the action on consent of the parties, vacated that portion of the prior order which granted summary judgment to defendant Bedford Court Associates (Bedford) against plaintiff Chumley's Bar and Restaurant Corp. (Chumley's for use and occupancy and implicitly adhered to the prior order insofar as it denied plaintiff's motion for summary judgment, unanimously modified, on the law and the facts, to strike the first counterclaim of the defendant Bedford and to declare the lease in effect and otherwise affirmed, without costs.

Appeal from order of the same court and Judge, entered December 11, 1989, dismissed as superceded by the July 3, 1990 order, without costs.

This is an action for specific performance of a lease agreement dated May 24, 1982. In its first counterclaim the defendant Bedford alleged that the lease agreement had been terminated effective May 22, 1986 and sought a declaration that the lease was terminated. In its second counterclaim the defendant sought use and occupancy of the premises since May 21, 1986. In a third counterclaim it sought rent if the lease was declared not terminated.

In 1982 the building in which plaintiff is located, 84-86 Bedford Street, was owned by Bethel Three Corp. and the sole

stockholder was Reynaldo Santini. The building was sold to a third-party and thereafter, in June 1985, to defendant Bedford. Prior to the sale, Santini took back a ninety-nine year lease to plaintiff Chumley's. The building was sold to Bedford subject to this lease.

The facts are viewed differently by the plaintiff and defendant Bedford. Plaintiff claims that in May 1986, its attorney sent a monthly check for rent to the defendant Bedford. That check was deposited on or about May 8 and was returned for insufficient funds. The return was a bank error. The defendant refused the plaintiff's request to redeposit the check and, on May 16, sent an undated letter that the lease agreement was terminated effective May 22, 1986.

Defendant Bedford alleges that the returned check was not the cause of the termination of the lease. It claims that since it became the owner in 1985, plaintiff had repeatedly failed to pay its rent when due on the first day of the month. It had sent a number of letters to the plaintiff concerning late payments. In May 1986 when the rent was not timely received, defendant Bedford sent a default letter to plaintiff pursuant to paragraph 21 (A) of the lease and dated May 6, 1986. Subsequently, an undated notice, sent by certified mail on May 16, 1986, indicated that the lease would be terminated as of 12:01 A.M. on May 22, 1986.

Plaintiff's efforts for a meeting to discuss the issues were apparently rebuffed. In a letter dated October 12, 1986, the defendant's attorney advised plaintiff that "your tenancy is hereby terminated." The letter went on to note that pursuant to paragraph 21 (A), plaintiff had defaulted in the payment of rent more than three times in 12 months and the lease was therefore null and void. A holdover proceeding in the Civil Court followed, with defendant alleging that the lease had terminated as of October 12, 1986. This action for specific performance then ensued.

On January 9, 1989 defendant Bedford moved for summary judgment on its second counterclaim for use and occupancy. On April 13, 1989 plaintiff moved for summary judgment dismissing the first and second counterclaims on the grounds that the lease had not terminated. Plaintiff also cross-moved for summary judgment dismissing all three counterclaims on the grounds of failure to join the assignee-tenant Eight Palms. The motion court granted the motion by the defendant for use and occupancy and denied plaintiff's motion for summary judgment. On reargument, the motion of Eight Palms to intervene was granted on consent. The prior order for use and

occupancy was vacated, the court reasoning that there were triable issues as to which party was liable for use and occupancy.

Plaintiff's motion for summary judgment dismissing the first counterclaim which alleged that the lease had been terminated should have been granted. Defendant did not comply with the terms of the lease agreement in seeking termination. Specifically, paragraph 21 (A) of the lease provided that if the failure to pay rent continued for five days after notice thereof, the landlord could give five days written notice of intention to terminate the lease and the term would end if the tenant had not cured the default. Paragraph 26 required the notice to be by registered or certified mail and deemed the notice to be delivered five days after mailing. Since the undated May notice of termination, effective May 22, was sent on May 16, 1986, it was deemed delivered on May 21, 1986 and thus did not give the requisite five day notice. Such notice was ineffective to terminate the lease. *(Dubois & Son v Goldsmith Bros.,* 273 App Div 306 [1948]; *98 Delancey St. Corp. v Barocas,* 82 NYS2d 802, 805 [Sup Ct 1948], *affd* 275 App Div 651 [1949]; *Siegel v Kentucky Fried Chicken,* 67 NY2d 792, 794 [1986].) While defendant argues that *Kent & Sons v Rubinstein* (47 NY2d 561 [1979]) would permit an erroneous date to be corrected to five days after the receipt of notice of termination, this rule should not be applied to leases in view of the specific requirement of *Dubois & Son v Goldsmith Bros. (supra).* This court takes no position as to whether the October 12, 1986 notice of termination was effective. Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.