OPINION OF THE COURT
Per Curiam.
Order entered March 26, 1990 reversed, with $10 costs, the *21 motion to dismiss the petition is denied, and a new trial is ordered.
At the conclusion of landlord’s prima facie case, the Housing Court dismissed the holdover proceeding upon the ground that the notice to cure, incorporated by reference in the notice of termination, was defective in that it failed to provide the name of the proper undertenant.* The notice in question alleged that tenant had violated a substantial obligation of her tenancy by subletting and/or assigning the premises without permission "to third persons, to wit: Vernau Edwards a/k/a 'Jane Doe’ and 'John Doe’ ”. We construe this notice as sufficient to apprise tenant of the condition which landlord wished to have cured, namely, the removal of any occupants in possession as illegal subtenants or assignees (cf., Chinatown Apts. v Chu Cho Lam, 51 NY2d 786). The fact that the notice specifically designated one undertenant whom landlord had reason to believe was in possession, and failed to specifically identify another undertenant, did not render the threshold notice impermissibly vague. This is particularly so in circumstances where different individuals were apparently residing in the apartment premises at different times. The tenant was on notice of the nature of the conduct complained of, so as to cure within the prescribed 10-day period.
Accordingly, the motion to dismiss at the close of landlord’s case should have been denied. The petition is reinstated and a new trial is ordered.
Ostrau, P. J., Parness and Miller, JJ., concur.

 A pretrial dismissal motion addressed to the sufficiency of the notice had previously been denied by Civil Court.