OPINION OF THE COURT
Rolando T. Acosta, J.
Respondent moves to dismiss the petition in this illegal sublet holdover proceeding, pursuant to CPLR 3211 (a) (1), (2) *26 and (7), on the ground that, inter alia, the predicate notices fail to state sufficient facts to establish the ground for eviction. Respondent’s motion to dismiss is denied.
The Factual Sufficiency of the Predicate Notices
Respondent argues that dismissal is required because the notice to cure and the notice of termination upon which this petition is predicated fail to set forth sufficient facts to establish the existence of the legal claim that respondent has sublet her rent-stabilized apartment without the landlord’s consent. Specifically, respondent contends that in addition to naming the subtenant to whom the apartment was sublet (which petitioner admittedly did), petitioner was required to specify in the predicate notices the address of the prime tenant’s new primary residence. Because of the brevity of the facts alleged, according to respondent, she is not clearly apprised of the allegations against which she must defend in this proceeding.
The notice to cure and notice of termination (incorporating the notice to cure), state, inter alia:
“Please take notice, that you are violating a substantial obligation of your tenancy in that without the permission of your landlord, you have sublet and/or assigned your rights of occupancy to another, or others, to wit: Rosemary Everet, ‘John Doe’ and/or ‘Jane Doe,’ in violation of your Rental Agreement for the subject premises, as well as §226-b of the Real Property Law. If the person or persons occupying this apartment is not a sub-tenant or assignee, you are violating §235-f of the Real Property Law, in that you are allowing the above named person to occupy the demised premises and you are not actually occupying the apartment as your primary residence.
“Please take further notice, that the landlord has learned that you do not reside at the subject premises. The Landlord, however, does not have information as to where you are currently residing. In your place, you have installed the above-named individual and/or individuals. You neither requested, nor received permission from the Landlord as the law requires, to sublet your rights of occupancy to the subject apartment to any individual.”
Respondent’s principal contention is that the foregoing notices are insufficient because the landlord not only fails to specify the address of the prime tenant’s new primary residence, but also admits that the landlord “does not have information as to where [the prime tenant is] currently residing.”
Rent Stabilization Code (9 NYCRR) § 2524.2 (b) provides in pertinent part that “[e]very notice to a tenant to vacate or sur *27 render possession of a housing accommodation shall state the ground under section 2524.3 * * * upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession” (emphasis added). Thus, a notice of termination which “merely recite [s] the legal ground for the eviction, but fail[s] to set forth any of the facts upon which the ensuing * * * proceeding would be based”, is insufficient and cannot serve as a predicate for an eviction proceeding. (Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573, 574 [1st Dept 1990]; see, Berkeley Assocs. Co. v Camlakides, 173 AD2d 193, 194 [1st Dept 1991], affd 78 NY2d 1098 [1991]; First Sterling Corp. v Zurkowski, 142 Misc 2d 978, 979 [App Term, 1st Dept 1989].)
The requirement of alleging “facts necessary to establish the existence” (Rent Stabilization Code § 2524.2 [b]) of the ground for eviction, like the analogous requirement contained in RPAPL 741, “ensures that a tenant will be informed of the factual and legal claims that he or she will have to meet and enables the tenant to interpose whatever defenses are available.” (MSG Pomp Corp. v Doe, 185 AD2d 798, 800 [1st Dept 1992]; accord, 60-62 E. 11th St. Corp. v Berry, NYLJ, Nov. 10, 1992, at 23, cols 2, 3 [Civ Ct, NY County] [when a tenant is faced with the prospect of an eviction proceeding, the burden rests upon the entity that would evict the tenant to clearly advise the tenant of the factual and legal claims “so that he or she can act on the predicate notice, answer the allegations in the petition and effectively defend the proceeding”]; see also, City of New York v Valera, 216 AD2d 237, 238 [1st Dept 1995]; Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958].)
Because a valid notice to cure and notice of termination (i.e., one which sets forth sufficient facts) is a condition precedent to the commencement of an eviction proceeding, dismissal of the petition upon which the notice is predicated is required where the notice is deficient. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980].) Furthermore, because a summary holdover proceeding is entirely the creation of statute, strict compliance with all statutory provisions is demanded. (MSG Pomp Corp. v Doe, supra, 185 AD2d, at 799-800; Berkeley Assocs. Co. v Di Nolfi, 122 AD2d 703, 705 [1st Dept 1986].)
Here, the notice to cure and the notice of termination clearly allege a legal ground for the holdover petition: “you are violating a substantial obligation of your tenancy in that without the permission of your landlord, you have sublet and/or assigned *28 your rights of occupancy to another”. (See, Rent Stabilization Code § 2524.3 [a], [h]; § 2525.6; Real Property Law §§ 226-b, 235-f.) The only question is whether the notice to cure and notice of termination set forth sufficient “facts necessary to establish the existence of such ground”, as required by Rent Stabilization Code § 2524.2 (b).
Because the predicate notices allege that respondent no longer resides at the subject premises and has sublet or assigned the subject premises to a named individual (viz., Rosemary Everet), without the landlord’s permission, the court finds that the notices were factually sufficient. (See, 310 E. 4th St. Hous. Dev. Fund Corp. v Blackmon, NYLJ, Jan. 30, 1996, at 25, col 2 [App Term, 1st Dept] [predicate notice deemed sufficient where it alleged that the tenant “sublet( ) (the apartment) to other named persons without prior consent” of the landlord]; Perle v Ross, 150 Misc 2d 20, 21 [App Term, 1st Dept] [predicate notice deemed sufficient where it alleged that the tenant “subletO and/or assign(ed) the premises without permission to ‘third persons, to wit: Vernau Edwards’”].) Those facts clearly tend to establish the ground for the holdover petition — which is all the petitioner is required to do to comply with Rent Stabilization Code § 2524.2 (b), the relevant statute.
Although respondent argues otherwise, petitioner was not required to allege in the petition the particular address to which the prime tenant moved following the claimed illegal sublet (i.e., the tenant’s alleged primary residence). Metropolitan Life Ins. Co. v Harris (NYLJ, June 19, 1995, at 28, col 4 [App Term, 1st Dept]), the case upon which respondent heavily relies, is not to the contrary.
In Harris (supra), Civil Court dismissed a petition on the ground that, inter alia, the notice to cure failed to set forth sufficient facts to establish the legal ground for the illegal subletting claim. The landlord’s predicate notices alleged that “tenants had unlawfully assigned their lease or sublet the rent stabilized premises to named individuals, and that tenants were residing at a specified New Jersey address.” (Supra, at 28, col 4.) The Appellate Term reversed the dismissal, holding that the predicate notices, “[i]n such particularized form * * * satisfied the pleading requirements of the Rent Stabilization Code (§2524.2 [b]), and fairly apprised tenants of the conduct complained of.” (Supra, at 28, col 4.)
That the predicate notices in Harris (supra) specified the address to which the prime tenant moved does not mean that such specificity is required in all predicate notices alleging an *29 illegal sublet. The court in Harris simply held that the allegations in the predicate notices there were sufficient. It did not hold, nor has any court held, that the predicate notices would have been factually insufficient in the absence of some specificity regarding the tenant’s new address/primary residence. Under these circumstances, it cannot be said that the court in Harris set forth the minimum, threshold allegations required by Rent Stabilization Code § 2524.2 (b), in illegal sublet proceedings.
Indeed, respondent’s broad reading of the holding in Harris (supra) simply cannot be reconciled with the Appellate Term’s decisions in 310 E. 4th St. Hous. Dev. Fund Corp. v Blackmon (supra) and Perle v Ross (supra), both of which upheld the sufficiency of the predicate notices even in the absence of an allegation regarding the prime tenant’s new address. Accordingly, respondent’s reliance upon Harris is clearly misplaced.
The aforementioned cases aside, there is good reason not to require an allegation specifying the address of the prime tenant in the predicate notices. To succeed on an illegal sublet claim, petitioner need only prove that the respondent prime tenant is no longer residing at the subject premises and that the prime tenant sublet the premises to another without the landlord’s consent. Petitioner need not prove (and thus need not allege) that the respondent is primarily residing at any other particular address. (See, Rent Stabilization Code § 2524.3 [a], [h]; § 2525.6; Real Property Law §§ 226-b, 235-f.) Inasmuch as the address of the new primary residence is not a “fact[ ] necessary to establish the existence of’ an illegal sublet claim (Rent Stabilization Code § 2524.2 [b]), the address need not be alleged in the predicate notices. Indeed, pursuant to Rent Stabilization Code § 2525.6 (a), it is the respondent tenant, not the petitioner landlord, who has the burden to “establish that at all times he or she has maintained the housing accommodation as his or her primary residence and intends to occupy it as such at the expiration of the sublease”, assuming that the sublease is otherwise valid.
In sum, neither law, nor logic supports respondent’s contention regarding the factual sufficiency of the predicate notices in this case. Accordingly, that portion of respondent’s motion which sought dismissal on this ground is denied.