*671 OPINION OF THE COURT
Rolando T. Acosta, J.
In this commercial holdover proceeding, petitioner moves for an order striking certain defenses raised by respondent Corporation (respondent), and respondent cross-moves for an order dismissing the petition on various grounds. The disposi-tive issue for the court is whether the landlord’s alleged service of a notice to cure by certified mail complies with a lease provision requiring that notices shall be served by “registered mail,” sufficiently to withstand a motion to dismiss on this ground. The issue is important because at least one Appellate Division case, Rower v West Chamson Corp. (210 AD2d 7 [1st Dept 1994]), has held that a party’s “use of certified mail instead of registered mail does not invalidate service of the notices” even where the lease between the parties specifically requires that notices be served through registered mail.
The Lease Provision, Service of the Notice to Cure, and the Motion to Dismiss
The lease between the parties requires that the landlord serve a 20-day notice to cure upon the tenant should the tenant violate a material obligation of the tenancy. The lease further provides, in pertinent part, that any such notice by the landlord to the tenant shall be sent “by registered mail, addressed to the Tenant at the demised premises, or * * * le [¶] * * * with a person of suitable age found on the premises, or post[ed] * * * upon the door to said premises.”
It is undisputed that the notice to cure was not served in precise accordance with the aforementioned lease terms. Indeed, the affidavit of service attached to the notice to cure indicates that the notice was only served by certified and regular mail, and petitioner does not even claim that it attempted to serve the notice by registered mail, or by delivering it to someone on the premises or by posting it on the door.
Respondent now moves to dismiss the petition on the ground that, inter alla, petitioner admittedly failed to serve the required predicate notice to cure in accordance with the terms of the lease. Significantly, respondent claims, through four affidavits, that not only did petitioner fail to comply with the service requirements of the lease, but that, in any event, respondent had never received the notice to cure in the mail (by certified or regular mail), and that if it had received such a notice it would have immediately sought Yellowstone relief.
*672 Further, respondent argues that the service requirements of the lease were particularly important in this case because the landlord has complete access to the tenant’s mail inasmuch as the postal carrier delivers the mail to a common area of the building where petitioner and other tenants reside. According to respondent, petitioner or petitioner’s wife, both of whom reside and work in the building, or one of the other tenants of the building, usually sorts the mail after it is delivered in bulk to the building. Under these circumstances, according to respondent, petitioner could have “simply discarded” the notice to cure, if any, which the process server claims to have mailed to respondent.
Although petitioner does not dispute that the notice to cure was not served in accordance with the terms of the lease, petitioner argues that respondent’s claim in this regard is somehow waived by respondent’s assertion of unrelated counterclaims in its answer. In support of his argument, petitioner cites cases (see, e.g., Textile Technology Exch. v Davis, 81 NY2d 56 [1993]) which hold that the assertion of unrelated counterclaims in an action or summary proceeding effectively waives any lack of personal jurisdiction defenses which the defendant/respondent may have had, since the defendant/respondent, by asserting the unrelated counterclaim, affirmatively invokes the jurisdiction of the court.
Discussion
It is well settled that a landlord and tenant may, by the terms of their lease, agree to a specific manner of service of notices, and that those terms are generally enforceable. (See, Chumley’s Bar & Rest. Corp. v Bedford Ct. Assocs., 174 AD2d 398, 400 [1st Dept 1991]; Milltown Park v American Felt & Filter Co., 180 AD2d 235 [3d Dept 1992]; Hendrickson v Lexington Oil Co., 41 AD2d 672 [2d Dept 1973]; B & A Realty Co. v Castro, NYLJ, May 9, 1995, at 25, col 1 [App Term, 1st Dept]; see generally, First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 638 [1968] [where the lease obligations of the parties are clear, courts should enforce the lease terms in the interest of not undermining the “(s)tability of contract obligations”]; Matter of Malloy, 278 NY 429, 433 [1938] [“ ‘Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce’ ”].)
Here, the parties clearly agreed to a service requirement for predicate notices (registered mail) which was more stringent *673 than the service used by petitioner (certified mail). Registered mail, the most secure delivery service offered by the United States Post Office, is more stringent because the handling of registered mail, unlike the handling of certified mail, is closely controlled from the point of mailing to the point of delivery. (See, United States Post Office Notice Nos. 258, 259 [1984].)
Notwithstanding the difference between registered and certified mailings and notwithstanding the aforementioned principles of law regarding the general enforceability of lease terms, the Appellate Division has held that a party’s “use of certified mail instead of registered mail does not invalidate service of the notices” even where the lease between the parties specifically requires that notices be served through registered mail. (Rower v West Chamson Corp., 210 AD2d 7 [1st Dept 1994], supra.) This court recently applied the holding in Rower to the facts in Bellstell 140 E. 56th St. v Layton (NYLJ, Feb. 17, 1999, at 32, col 5 [Civ Ct, NY County].)[1]
The question now is whether the ruling in Rower (supra) dictates the result in this case. The court finds that given the particular facts of this proceeding, Rower does not control the result here. Further, because the court finds that the lease clause requiring notices to be served by registered mail is enforceable, the court dismisses the petition, petitioner being unable to prove, as required, that he properly served a notice to cure as a predicate to the commencement of this summary proceeding.
In Rower (supra), the Appellate Division specifically noted that the served party had “received] * * * the certified mailing” and had “fail[ed] to object promptly” to the use of certified, as opposed to registered, mail. (Supra, at 7.) The same is true of the case upon which Rower relied — Montana v Incorporated Vil. of Lynbrook (23 AD2d 585, 586 [2d Dept 1965]).
In Montana (supra), plaintiff served defendant with a notice of claim by “certified” mail, having failed to comply with the statutory requirement of a “registered” mailing imposed by preamendment General Municipal Law § 50-e (3).[2] The Appellate Division held (at 586) that defendant’s objections to the manner of service of the notice of claim on this ground were *674 “without merit,” citing cases — Teresta v City of New York (304 NY 440, 442-443 [1952]); Perl v New York City Hous. Auth. (35 Misc 2d 92 [Sup Ct, NY County 1962]); and Caro v City of New York (31 Misc 2d 834, 835 [Sup Ct, NY County 1961]) — which have held that the statutory requirement of registered mail is effectively waived where the defendant admits that it received the notice of claim via some other, albeit technically unauthorized, means, such as certified mail or regular mail.
The import of Rower (supra), then, is that if registered mailing of a predicate notice is required by the terms of the lease agreement, a party’s use of certified mailing will not invalidate the service of the notice as long as the served party acknowledges that the mailing was actually received.[3] Hypertechnical lease requirements regarding the service of a predicate notice should be disregarded where the party attempting to enforce the requirements admits that he or she duly received the notice and did not promptly reject or object to it. This commonsense approach, presumably limited to lease terms regarding service of predicate notices which do not otherwise vary the terms of any particular statute (see, Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept 1992]), is reasonable since the substantial rights of the served party are not adversely affected in any way by the technical noncompliance with the lease terms.
Here, respondent, far from acknowledging receipt of the notice to cure, has insisted all along that it never received a copy of the notice during the pertinent period. Indeed, respondent further complains that it was significantly prejudiced by its nonreceipt of the notice to cure since that deprived respondent of the opportunity to seek Yellowstone relief. In these significant respects, the facts of this proceeding are wholly distinguishable from the facts in Rower (supra).
Significantly, respondent raises another persuasive reason to distinguish Rower and Montana (supra) — namely that the requirement of registered mail, the handling of which, unlike the handling of certified mail, is closely controlled from the point of mailing to the point of delivery, is a particularly *675 important lease term in a case such as this one, where both the landlord and tenant have access to each other’s mail.
Considering all of the circumstances of this proceeding, the court finds that the lease clause requiring notices to be served by registered mail is enforceable. Contrary to petitioner’s contentions, respondent’s defense, premised as it is upon the failure to receive the notice to cure, was not effectively waived by respondent’s simultaneous assertion of an alleged unrelated counterclaim. Petitioner is quite correct that a lack of in personam jurisdiction defense normally would be waived by the assertion of an unrelated counterclaim under Textile Technology Exch. v Davis (81 NY2d 56, supra).
In this case, however, aside from the difficult question of whether the counterclaims here are truly “unrelated” to petitioner’s cause of action, respondent’s claim — that it was never properly served with a required notice to cure — challenges not only the personal jurisdiction of the court but also the sufficiency of the petitioner’s prima facie case against respondent. Thus, even if respondent’s lack of jurisdiction defense were waived by respondent’s simultaneous assertion of unrelated counterclaims, respondent’s failure to state a cause of action defense, asserted in respondent’s first affirmative defense,[4] is not so waived.
Because petitioner concededly cannot prove, as required, that he properly served, as a predicate to the commencement of this summary proceeding, a notice to cure pursuant to the terms of the lease, petitioner’s motion to dismiss is granted. and the petition is hereby dismissed. In light of the court’s disposition, there is no need to decide the other issues raised by the parties.

. The court’s application of Rower (supra) in Bellstell (supra) was omitted from the Bellstell decision published in the Official Reports. (See, 180 Misc 2d 25 [Civ Ct, NY County].)

. General Municipal Law § 50-e (3) currently provides that the notice of claim shall be served by “registered or certified” mail. That was not the case in 1965 when Montana (supra) was decided.

. The rule, of course, is quite different where a statute, rather than a lease, requires that a notice be served in a particular manner (that is, at least a statute other than the predecessor to General Municipal Law § 50-e [3]). Where that is the case, strict compliance is required and actual receipt is immaterial. (See generally, McDonald v Ames Supply Co., 22 NY2d 111, 115-116 [1968]; Main St. Mall Corp. v NR Store, 155 Misc 2d 118, 120-121 [New Rochelle City Ct 1992].)

. Petitioner claims that the respondent’s answer is defective because it is not verified. That claim, however, is waived by operation of law since petitioner failed to object to the nonverified answer with “due diligence,” as required by CPLR 3022. (See, SLG Graybar v Hannaway Law Offs., 182 Misc 2d 217 [Civ Ct, NY County 1999].)