OPINION OF THE COURT
Per Curiam.
*281 Tenant’s CPLR 3211 motion to dismiss the nonprimary residence holdover petition should have been denied. The landlord’s short-lived prosecution of an illegal sublet holdover proceeding — discontinued on consent — was not inconsistent with the landlord’s present nonprimary residence claim (see, Rent Stabilization Code [9 NYCRR] § 2525.6 [a]; 26 Leroy Realty Corp. v Hendricks, NYLJ, Apr. 22,1997, at 25, col 4 [App Term, 1st Dept]) and did not “nullify” the previously served termination notice underlying the within nonprimary residence proceeding. Nor does the record establish as a matter of law that landlord “intended to relinquish a known right” (Sullivan v Brevard Assocs., 66 NY2d 489, 495) when it accepted a single, unsolicited “rent” payment from tenant during the so-called “window period” between termination of the tenancy on non-primary residence grounds and commencement of the within nonprimary residence proceeding (see, Goldman v Becraft, NYLJ, July 13, 2001, at 18, col 2 [App Term, 1st Dept]).
In reinstating the petition, we do not pass upon the landlord’s application for leave to conduct disclosure and for payment of interim use and occupation, matters not reached below. Our disposition is without prejudice to the landlord’s right to renew its application for such relief in the Civil Court.
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.