East Village RE Holdings LLC, Petitioner-Landlord-Appellant, 
against
Kelly McGowan, Respondent-Tenant-Appellant, -and- Hamid Razik, Respondent-Undertenant-Respondent, -and- John Doe and Jane Doe, Respondents-Undertenants.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Michael L. Weisberg, J.), dated September 19, 2016, which granted tenant's preanswer motion to dismiss the petition in a holdover summary proceeding, and denied, as moot, landlord's cross motion for leave to conduct discovery and for payment of interim use and occupancy.




Per Curiam.
Order (Michael L. Weisberg, J.), dated September 19, 2016, modified by denying tenant's motion, reinstating the petition, and remanding the matter to Civil Court for further proceedings consistent with this decision; as modified, order affirmed, with $10 costs to tenant-appellant. 
Tenant's preanswer motion to dismiss this illegal sublet holdover proceeding should have been denied. Landlord has stated a cause of action for possession based upon the rent stabilized tenant's alleged assignment or sublet of the premises without permission (see 539 W 156, L.L.C. v Hernandez, 55 Misc 3d 144[A], 2017 NY Slip Op 50663[U] [App Term, 1st Dept 2017]).
The notice to cure, which was incorporated by reference in the notice of termination, was reasonable in view of the attendant circumstances, as it fairly stated the nature of landlord's claim and the facts necessary to establish the existence of grounds for eviction (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), by alleging, inter alia, that tenant was living at a specified address other than the subject apartment and had breached a substantial obligation of her tenancy by unlawfully subletting or assigning the premises to an individual named Hamid [*2]Razik, without landlord's consent and in violation of Real Property Law § 226-b and Rent Stabilization Law §§ 2524.3[a]and 2524.3[h] (see Amin Mgt LLC v Martinez, 55 Misc 3d 144[A], 2017 NY Slip Op 50664[U] [App Term, 1st Dept 2017]; Perle v Ross, 150 Misc 2d 20 [1991]). 
In reinstating the petition, we do not pass upon the landlord's application for leave to conduct discovery and for payment of interim use and occupancy, matters not reached below. Our disposition is without prejudice to the landlord's right to renew its application for such relief in the Civil Court (see West Waverly Equities Group v Lieff, 190 Misc 2d 280 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: November 29, 2017