■ In the Matter of TRIO ASBESTOS REMOVAL CORP., Respondent, v NICHOLAS MARINELLI, Appellant. [829 NYS2d 594]—

In a proceeding pursuant to CPLR 7601 to enforce a valuation provision of the parties' shareholders agreement, the appeal is from an order of the Supreme Court, Queens County (Golia, J.), dated February 23, 2005, which, inter alia, granted the petitioner's motion to confirm a valuation of Nicholas Marinelli's shares in the petitioner and for specific performance of a contract for the sale of Nicholas Marinelli's shares for the amount set forth in the valuation, and denied Nicholas Marinelli's cross motion, inter alia, pursuant to CPLR 5015 to vacate an order of the same court (Golar, J.), dated March 30, 2004, inter alia, directing specific performance of the contract for the sale to the petitioner of Nicholas Marinelli's shares in the petitioner based on a valuation of the shares pursuant to section 3.4 (d) of the parties' shareholders agreement, and to amend the 2003 form K-1 issued to him or, in the alternative, for access to the petitioner's books and records.

Ordered that the order dated February 23, 2005 is modified, on the law, by deleting the provision thereof granting the petitioner's motion to confirm the valuation and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

Trio Asbestos Removal Corp. (hereinafter the petitioner) brought an action for specific performance of an agreement between it and the appellant, Nicholas Marinelli, for the sale to the petitioner of Marinelli's shares in the petitioner. The Supreme Court, by order dated March 30, 2004, inter alia, directed specific performance of the agreement, with Marinelli's shares to be valued as of August 1, 2003, by a method set forth in the parties' shareholders agreement. Pursuant to section 3.4 (d) of the shareholders agreement, valuation of shares in the petitioner was to be determined "[b]y the accountants servicing the Corporation using normal and usual accounting practices."

Subsequently, the petitioner moved to confirm a valuation of Marinelli's shares and for specific performance of the parties' agreement for the sale of the shares at the price determined by the valuation. The valuation the petitioner sought to confirm

had been issued by its accountants based on a valuation by an outside firm with expertise in the valuation of shares of closely-held corporations. Marinelli cross-moved, inter alia, to vacate the March 30, 2004 order, arguing that the valuation had not been performed in accordance with section 3.4 (d) of the shareholders agreement since the valuation had been performed not by "the accountants servicing the Corporation," but by an outside firm retained by the petitioner's accountants and therefore, specific performance was not possible. By order dated February 23, 2005, the Supreme Court granted the petitioner's motion and denied those branches of the cross motion which were to vacate the order dated March 30, 2004, or, in the alternative, for access to the petitioner's books and records.

The Supreme Court erred in confirming the valuation and directing specific performance of the agreement for the sale of Marinelli's shares at the share price determined by the valuation. "It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed" (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995] [internal quotation marks and citations omitted]). Contrary to the petitioner's contention, the relevant language in section 3.4 (d) of the shareholders agreement setting forth the method of valuation cannot be interpreted as permitting the petitioner's accountants to retain an outside expert to perform the valuation. Rather, that language expressly provides that the petitioner's regular accountants actually determine a valuation of shares themselves. That the petitioner's accountants wholly relied on the outside expert's report in setting forth their opinion as to the value of Marinelli's shares, and formed no independent opinion of their own, is evidenced by their letter to the petitioner advising it of the valuation, which is dated the same day as the expert's report. Moreover, the affidavit of a partner in the petitioner's accountants' firm provided no support for his contention that his firm determined the value of the shares using normal and usual accounting methods, as called for by the shareholders agreement.

In light of our determination, we do not address Marinelli's contention that the court should have granted him access to the petitioner's books and records, which he sought on his cross motion only in the alternative.

We do not reach Marinelli's further contention that a 2003 form K-1 issued to him by the petitioner should be amended and that he is entitled to share in the petitioner's 2003 profits as that issue was not addressed by the Supreme Court in the order appealed from.

Marinelli's remaining contention is without merit. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.