In the Matter of the Dissolution of CORFIAN ENTERPRISES, LTD., and Another. THEANO PAPPAS, Respondent; CORFIAN ENTERPRISES, LTD., et al., Appellants; THEODOROS KALOGIANNIS, Respondent. [861 NYS2d 392]—

In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Corfian Enterprises, Ltd., and Epiros Realty, Ltd., Corfian Enterprises, Ltd., Epiros Realty, Ltd., and Paul Fotinos appeal from an order of the Supreme Court, Kings County (Kramer, J.), entered September 6, 2007, which denied their renewed motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with one bill of costs.

The petitioner, Theano Pappas, commenced this proceeding pursuant to Business Corporation Law § 1104-a seeking the judicial dissolution of Corfian Enterprises, Ltd. (hereinafter Corfian), and Epiros Realty, Ltd. (hereinafter Epiros). According to the allegations in the petition, Pappas, Paul Fotinos, and Theodoros Kalogiannis each are a one-third shareholder of Corfian and Epiros. Corfian, Epiros, and Fotinos (hereinafter

collectively the appellants) served an answer to the petition in which, inter alia, they affirmatively asserted that Fotinos is the sole shareholder of Corfian and Epiros. Kalogiannis joined in the petitioner's request for the dissolution of Corfian and Epiros.

Issue finding, rather than issue determination, is the key to summary judgment (*see Paulin v Needham,* 28 AD3d 531 [2006]). Contrary to the appellants' contention, they did not establish their prima facie entitlement to judgment as a matter of law dismissing the petition for lack of standing, since they failed to tender sufficient evidence to eliminate any material issues of fact from the case as to whether Pappas and Kalogiannis each possess the requisite 20% ownership interest in Corfian and Epiros necessary to seek dissolution of the two companies (*see* Business Corporation Law § 1104-a). Accordingly, the appellants' renewed motion for summary judgment was properly denied. In light of this determination, we need not examine the sufficiency of the opposing papers of Pappas and Kalogiannis (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Kuri v Bhattacharya,* 44 AD3d 718 [2007]).

The appellants' remaining contention is without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.