■ In the Matter of TRIO ASBESTOS REMOVAL CORP., Appellant, v NICHOLAS MARINELLI, Respondent. [892 NYS2d 419]—

The Supreme Court properly denied the petitioner's cross motion, inter alia, to confirm a valuation of the respondent's shares provided by the petitioner's accountants, inasmuch as that valuation was not the independent work of the "accountants servicing the [petitioner] Corporation," as required by section 3.4 (d) of the shareholders agreement (*see Matter of Trio Asbestos Removal Corp. v Marinelli*, 37 AD3d 475, 477 [2007]). Moreover, the Supreme Court properly dismissed the proceeding on the ground that the petitioner breached the subject shareholders' agreement by repeatedly failing to obtain and provide a valuation of the respondent's shares by means provided for in the shareholders' agreement (*see* CPLR 7601). We reject the petitioner's contention that it could not be liable for a breach of the contract because the accounting firm was a third party over which it had no control. To the contrary, the petitioner controlled which accounting firm was retained to service it, and was not required to continue to employ accountants who would not, or could not, provide an independent valuation. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.