Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP (2018 NY Slip Op 05887)





Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP


2018 NY Slip Op 05887


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-07997
 (Index No. 448/11)

[*1]Trio Asbestos Removal Corp., appellant-respondent,
v
Gabriel & Sciacca Certified Public Accountants, LLP, respondent-appellant.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Joseph J. Cooke of counsel), for appellant-respondent.
Hurwitz & Fine, P.C., Buffalo, NY (Andrea Schillaci of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Martin E. Ritholtz, J.), dated June 15, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint. The order, insofar as cross-appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff, a closely held corporation (hereinafter the corporation), was held by three shareholders: Christopher Horan, Nicholas Marinelli, and Frank Forte. In 2002, Forte determined that he wanted to sell his shares and, pursuant to the shareholders agreement, offered them to the corporation. The shareholders agreement called for the shares to be valued by the accountants servicing the corporation using normal and usual accounting practices. However, the corporation's accounting firm, the defendant, Gabriel & Sciacca Certified Public Accountants, LLP, advised the corporation that it lacked the specialized expertise to provide that service. The shareholders therefore agreed to a purchase price based upon an estimated range of values provided by the defendant.
In 2003, Marinelli tendered his shares to the corporation and sought a valuation as required by the shareholders agreement. The corporation offered Marinelli the same per-share price it had paid Forte, but Marinelli rejected this offer and instead demanded the formal valuation required under the shareholders agreement. When the corporation requested that the defendant provide this valuation, the defendant replied that it lacked the expertise and licensure to do so and that it would need to engage the services of a firm which specialized in the valuation of closely held corporations. The corporation followed this recommendation and a specialized firm was engaged. That firm produced the required analysis, finding that Marinelli's shares were worth $500,000. This valuation was reviewed and endorsed by the defendant, and the defendant did not perform further analysis.
By this time, the corporation and Marinelli were engaged in litigation over the sale/purchase of Marinelli's shares. The corporation presented the defendant's valuation, supported by the specialized analysis, and the valuation was accepted by the Supreme Court. On appeal, this Court held that because the corporation's regular accountants did not perform the analysis, it did not satisfy the requirements of the shareholders agreement (see Matter of Trio Asbestos Removal Corp. v Marinelli, 37 AD3d 475, 477).
The corporation again requested a valuation from the defendant. In a letter dated February 21, 2007, the defendant's principal assured the corporation that the defendant could perform the valuation in accordance with the shareholder's agreement. In January 2008, the defendant provided a review which merely adopted the valuation previously provided by the outside specialized firm. The Supreme Court concluded that this still did not fulfill the requirements of the shareholders agreement, and this Court affirmed (see Matter of Trio Asbestos Removal Corp. v Marinelli, 68 AD3d 1008). The corporation thereafter engaged a new accounting firm. In 2012, the corporation settled with Marinelli for approximately $1.3 million.
In 2011, the corporation commenced this action against the defendant, alleging, inter alia, accounting malpractice and seeking to recover attorneys' fees and litigation costs. The corporation moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied both the motion and the cross motion. The corporation appeals from so much of the order as denied its motion, and the defendant cross-appeals from so much of the order as denied its cross motion.
The Supreme Court's function on a motion for summary judgment is issue finding, not issue determination (see Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395, 404; Matter of Corfian Enters., Ltd., 52 AD3d 828, 829). Summary judgment is a drastic remedy and should not be granted when there is any doubt as to the existence of a triable issue of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223; Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731).
While both parties met their initial burdens on their motions for summary judgment, we agree with the Supreme Court's determination that issues of fact exist requiring the denial of the corporation's motion and the defendant's cross motion. The conflicting testimony of the corporation's principal and the defendant's principal regarding whether the corporation acquiesced in the defendant's attempts to value the shares knowing that it did not have the expertise to perform such an evaluation, or whether the corporation relied upon the defendant's principal's assurance that the defendant could indeed perform the valuation in accordance with the shareholders agreement, are factual determinations to be resolved by the trier of fact.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court