Matter of A. Ligeras Enters., Inc. v Carla Realty Co. (2018 NY Slip Op 05840)





Matter of A. Ligeras Enters., Inc. v Carla Realty Co.


2018 NY Slip Op 05840


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-01944
 (Index No. 34650/15)

[*1]In the Matter of A. Ligeras Enterprises, Inc., appellant,
v
Carla Realty Co., respondent.


Paul Zilberfein, White Plains, NY, for appellant.
Rogers, Habas, Verrilli & Eisen, P.C., Orangeburg, NY (Gregg L. Verrilli and Patricia E. Habas of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 7601 to enforce a valuation provision of the parties' lease, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated January 27, 2016. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) and 7601 to dismiss the petition, denied the petition, and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof denying that branch of the petition which was, in effect, to compel specific performance of the valuation provision of the parties' lease, and granting that branch of the motion which was pursuant to CPLR 3211(a) and 7601 to dismiss that branch of the petition, and substituting therefor provisions granting that branch of the petition and denying that branch of the motion; as so modified, the order and judgment is affirmed, with costs to the petitioner.
In December 1993, the petitioner, as lessee, and the respondent, as lessor, entered into a 49-year lease for property in Rockland County, which included an option for the lessee to purchase the property. The lease provided that once the lessee exercised the option to purchase the property, each party would designate an appraiser, and the two appointed appraisers would then select a third appraiser. The lease further provided that "[t]he three appraisers shall meet, and by a majority vote, shall establish the market value of the Premises."
In October 2015, the petitioner commenced this proceeding pursuant to CPLR 7601 to enforce the valuation provision of the parties' lease. The petitioner alleged that the appointed appraisers had failed to comply with the terms of the lease for establishing the market value of the property. The petitioner argued that CPLR 7601 permitted the commencement of a special proceeding to enforce a valuation appraisal, and also asserted that the Supreme Court should appoint an independent appraiser to determine the market value of the property. The respondent moved pursuant to CPLR 3211(a) and 7601 to dismiss the petition. In the order and judgment appealed from, the court granted the lessor's motion, denied the petition, and, in effect, dismissed the proceeding.
CPLR 7601 provides, in relevant part, that "[a] special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or controversy be determined by a person named or to be selected." "It was contemplated that under [*2]this statute, a court would have the option to (1) order specific performance of the appraisal agreement . . .; (2) direct the parties to proceed to arbitration . . .; or (3) exercise its equitable discretion' by adopting some other form of relief appropriate to the particular case, including remedies not specifically identified in the statute" (Matter of Penn Cent. Corp. [Consolidated Rail Corp.], 56 NY2d 120, 129, quoting 1960 NY Legis Doc No. 20 at 64; see Cargill Inc. v Bunge Foods, 306 AD2d 101, 102).
"[A] contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed" (Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16, 19; see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548; Matter of Trio Asbestos Removal Corp. v Marinelli, 37 AD3d 475, 477). "Thus, clear, complete writings should generally be enforced according to their terms" (Matter of Wallace v 600 Partners Co., 86 NY2d at 548 [internal quotation marks omitted]). The petitioner established that the three appraisers failed to "meet" or "vote," and that a majority of the three appraisers did not establish the market value of the property, as required by the express terms of the lease. Thus, the appraisal procedure employed to determine the market value of the subject property did not comply with the unequivocal terms of the lease (see Matter of Trio Asbestos Removal Corp. v Marinelli, 37 AD3d at 477).
The petitioner's remaining contentions either are without merit or not properly before this Court.
Accordingly, the Supreme Court should have granted that branch of the petition which was, in effect, to compel specific performance of the valuation provision of the parties' lease directing that the three appraisers meet, and by majority vote, establish the market value of the premises, and denied that branch of the respondent's motion which was to dismiss that branch of the petition.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court